533 So.2d 924 (1988)
Edward A. MOORE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 88-2746, 88-2815.
District Court of Appeal of Florida, Second District.
November 16, 1988.
*925 PER CURIAM.
Edward Moore appeals the denial of two motions for postconviction relief. We affirm in part and reverse in part.
Both appeals revolve around the same grievance. Moore, who entered a plea of guilty to insurance fraud, was ordered to pay $1,150 in restitution and public defender fees. He states that he was led to believe this sum would be deducted from approximately $3,000 in traveler's checks seized in connection with his arrest, the remainder to be returned to him. This was not done and the money allegedly remains in the possession of the arresting police agency.
In case number 88-2746 Moore attacks the voluntariness of his plea to the criminal charges. Several separate grounds for relief are asserted, the most significant of which concerns counsel's alleged promise that Moore would get some of his money back. The trial court, denying Moore's motion to withdraw his plea, attached the plea colloquy, wherein no mention was made by Moore of any inducements for the plea other than the length of sentence. Based on this we affirm the trial court's order.
Case number 88-2815 stems from the denial of Moore's motion to return property, directed toward the excess money. A court has the inherent power to direct the return of property seized from a criminal defendant, if it is no longer needed as evidence against him. Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972); Estevez v. Gordon, 386 So.2d 43 (Fla. 3d DCA 1980). Except where property taken pursuant to a warrant is concerned, in which instance section 933.14, Florida Statutes (1987), governs, there are no established methods for exercising this inherent power. Estevez. Nonetheless, the power continues to exist after the underlying criminal case has terminated. Sawyer v. Gable, 400 So.2d 992 (Fla. 3d DCA 1981). A separate civil suit is not required. In the event the court refuses to act, the proper remedy is a petition for writ of mandamus. Estevez.
In the present case we are not persuaded that resort to a writ of mandamus is called for. The trial court's order refers to previous correspondence between Moore and the court wherein Moore is alleged to have "forfeited" all of the money in question. We find no indication in the record before us that Moore intended to do this. Rather than our treating the matter now before us as a petition for writ of mandamus, we remand for the trial court to conduct *926 further proceedings to determine whether any basis exists for the retention of Moore's traveler's checks, or, alternatively, whether Moore has omitted from his motion pertinent facts that would call for a different result. Only if this matter cannot be resolved within a reasonable amount of time will we be disposed to entertain a formal petition for writ of mandamus.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, A.C.J., and LEHAN and THREADGILL, JJ., concur.