ALTENBERND, Judge.
We dismiss this appeal for lack of jurisdiction. The relief which Mr. Marrero requests pro se from this court may be available in the trial court, either as a counterclaim in this forfeiture action or as a separate lawsuit.
Mr. Marrero was arrested by the Pinellas Park police in July 1987. He was charged *709 with delivering worthless checks,[1] theft,[2] and possession of a concealed firearm.[3] In connection with his arrest, the City confiscated his 1975 Datsun 280Z.
In his criminal case, Mr. Marrero entered into a plea agreement on February 8, 1988. He pled guilty to three counts of theft and the firearm charge. Mr. Marrero was sentenced to state prison for his crimes. The plea agreement included a provision contemplating the return of the Datsun 280Z to Mr. Marrero. Although we do not have a copy of the plea colloquy, it appears that the sentencing judge ordered the return of the car to Mr. Marrero.
On March 11, 1988, the trial court in the criminal proceeding entered a written order on Mr. Marrero’s motion to release property. The trial court had the inherent power to enter such an order. Moore v. State, 533 So.2d 924 (Fla. 2d DCA 1988). The order provides for the return of the car to Mr. Marrero in exchange for a general release. The order reflects that the City’s attorney, Mr. Marrero’s attorney, and the prosecutor were present for the hearing on this motion. Mr. Marrero apparently did not appeal or otherwise object to the contents of this order.
At approximately the same time, the City filed this civil forfeiture action. No meaningful activity occurred in this action because of the agreement reached in the criminal case. The City’s attorney prepared a release and delivered it to Mr. Marrero’s attorney. Although Mr. Marre-ro wanted his car, he was unwilling to sign the release. The City, likewise, was unwilling to return the car without the signed release.
In July 1988, in the civil forfeiture action, the City filed a motion to show cause why Mr. Marrero should not be held in contempt for his failure to sign the release. On October 4, 1988, the civil court entered an order directing Mr. Marrero to execute the release. This is the order which Mr. Marrero is appealing. The order does not hold Mr. Marrero in contempt, but merely gives him ninety days in which to sign the release and recover his car. If he fails to sign the release, the City is authorized to auction off the car and to remit the net proceeds of the sale to Mr. Marrero. This order is not a final order in the forfeiture action, nor does it appear to fit any category of appealable non-final orders. Fla.R.App.P. 9.130. Thus, we dismiss this appeal without prejudice to any further action in the trial court.
We would simply dismiss this appeal without comment except for one twist in the facts. In August 1988, the City apparently disposed of the car. The City claims the car was “destroyed.” Mr. Marrero contends that the City gave it to a towing company. Either way, the City did not have the car on October 4, 1988, to exchange for a release. The City argues that this development renders the forfeiture moot. Although the City may no longer desire or need to forfeit on the destroyed Datsun, Mr. Marrero still needs a forum in which to resolve his vigorous complaint. This court is not the proper forum. Mr. Marrero may find relief through a counterclaim in this forfeiture action or in a separate lawsuit.
Dismissed.
PARKER, A.C.J., and PATTERSON, J., concur.

. § 832.05, Fla.Stat. (1985).

. § 812.014, Fla.Stat. (1985).

.§ 790.01, Fla.Stat. (1985).