SCHOONOVER, Chief Judge.
The appellants, in these consolidated appeals, challenge a postconviction order granting the state’s motion to prohibit the return of property. We affirm in part and reverse in part.
The appellants, codefendants in the trial court, pled nolo contendere to several felony charges. The trial court, in addition to imposing prison sentences on each of the appellants, ordered each of them to pay a certain amount of restitution. Subsequent to the sentences being imposed, the state filed a motion to prohibit the return of property which had been taken from the appellants at the time of their arrest.
At the hearing on the state’s motion to prohibit the return of property, the appellants’ attorney moved to continue the matter because the appellants were not present. The trial court refused to continue the matter. At the conclusion of the hearing, at which no testimony was presented, the court ordered certain funds to be taken from the appellants’ property to satisfy the previous restitution orders, ordered the sum of $154, which had been found in the appellants’ car at the time of arrest, be forfeited to the state, and ordered the rest of the property to be returned to the appellants. Timely notices of appeal were filed by all of the appellants and the appeals were consolidated.
The state has not cross-appealed that portion of the trial court’s order which ordered certain of the appellants’ property returned to them. We, accordingly, affirm that portion of the order.
The court erred, however, by ordering the sum of $154 forfeited to the state and by taking a portion of their money without adequate notice and hearing. A court has the inherent power to direct the return of property seized from a criminal defendant and, therefore, the right to refuse to return it. Moore v. State, 533 So.2d 924 (Fla. 2d DCA 1988). Furthermore, there are no established methods for exercising this inherent power. Moore. A defendant, however, has the right to notice and an opportunity to be heard before he is deprived of his possessions. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The appellants were not afforded these rights. The appellants, through their attorney, were only notified that the state objected to the return of property, not that a hearing was going to be held concerning the payment of restitution and the forfeiture of property. The court denied the appellants’ request to be present at the hearing, and they were, therefore, not given the opportunity to present evidence in opposition to the state’s motion.
Since the appellants were deprived of their due process rights, we must reverse and remand for a hearing where such rights are afforded them. Upon remand, we remind the trial court that when considering the forfeiture of the $154, before claiming property by forfeiture, the state must file forfeiture proceedings pursuant to section 932.704, Florida Statutes (1989).
*205 Reversed and remanded for proceedings consistent herewith.
RYDER and PATTERSON, JJ., concur.