585 So.2d 1079 (1991)
John Forrest COON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1860.
District Court of Appeal of Florida, First District.
September 6, 1991.
*1080 Nancy A. Daniels, Public Defender, and David P. Gauldin, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., for appellee.
ERVIN, Judge.
In this case, appellant, John Forrest Coon, contends that the trial court improperly denied his motion for return of property. Because we find no basis for the summary denial of appellant's motion, we reverse and remand for further proceedings.
Appellant alleged in his motion that his residence was searched on April 23 and April 24, 1989, and that property was seized as a result of those searches without benefit of warrant. He stated that the items seized from his house, storage shed, and automobile, and his father's automobile were not used as evidence in his prosecution or presented as such. He therefore requested the court to grant a hearing and order the return of the property to him.
Although the statutes provide procedures for the return of certain evidence taken under a search warrant, see Section 933.14, Florida Statutes (1989), and for return of money or a motor vehicle taken under circumstances constituting larceny, see Section 812.061, Florida Statutes (1989), the statutes do not provide a procedure for return of property seized from a criminal defendant without a warrant. Moore v. State, 533 So.2d 924, 925 (Fla. 2d DCA 1988). It is, however, well established that a court has inherent power to direct the return of property seized from a criminal defendant if that property is no longer needed as evidence against him. Id.; Garmire v. Red Lake, 265 So.2d 2, 5 (Fla. 1972); Estevez v. Gordon, 386 So.2d 43, 45 (Fla. 3d DCA 1980). This power continues to exist after the underlying criminal case has terminated. Moore, 533 So.2d at 925; Sawyer v. Gable, 400 So.2d 992, 996 (Fla. 3d DCA 1981). It is unnecessary to commence a separate civil suit, and in the event the court refuses to act, the proper remedy is a petition for writ of mandamus. Moore, 533 So.2d at 925.
Because there is no established procedure for return of such seized property or for the court to exercise its inherent power to compel the return of such property, we do not see how the trial court could have denied appellant's motion because it was untimely. This is especially so because the court's power to order the return of the property continues after termination of the case. Moore; Sawyer.
We are not unaware that under Section 705.105, Florida Statutes (1989), title to unclaimed evidence in the custody of the court or a law enforcement agency vests permanently in the law enforcement agency sixty days after the conclusion of the proceeding. Nevertheless, appellant's motion for return of property was filed fifty-nine days after the judgment and sentence was entered in his case. Therefore, it cannot be said appellant's motion was untimely.[1]
Although appellant's description of the property allegedly set forth  "tools, radios, speakers, etc."  is somewhat vague, he alleged the dates of the alleged illegal seizures  April 23 and April 24, 1989. Section 933.12, Florida Statutes (1989), requires the police to attach to the returned search warrant a true inventory of property taken under that warrant. We know of no reason why a comparable procedure should not exist in situations when property is seized without a warrant.
Consequently, production of police records should satisfy any uncertainty regarding a proper description of the property *1081 sought. In any event, appellant clearly asserted that the state is unlawfully holding his property; therefore, he would be deprived of due process of law if he were not afforded a prompt hearing on this matter. Sawyer, 400 So.2d at 997.
REVERSED and REMANDED with directions to conduct an evidentiary hearing on appellant's motion, at which time appellant shall specify in detail the items allegedly detained.
ZEHMER and MINER, JJ., concur.
NOTES
[1] In fact, if appellant's motion is considered as one for postconviction relief, as in Moore, he had two years to file it under Florida Rule of Criminal Procedure 3.850.