695 So.2d 857 (1997)
Guy Michael CALAVENZO, Petitioner,
v.
STATE of Florida, Respondent.
No. 96-4159.
District Court of Appeal of Florida, Fourth District.
June 18, 1997.
Guy Michael Calavenzo, Vernon, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
We grant Petitioner's request for belated appeal of the trial court's order summarily denying his motion for return of property seized in connection with his arrest, as the state does not dispute his affidavit that a copy of the order was never sent to him until after he filed his mandamus petition seeking to compel the trial court to rule.
According to the state's response, some of the items he requested were needed as evidence in the event of trial; however, the state noted there were questions as to whether Petitioner owned certain items and whether certain items were still in the sheriff's custody. Treating this appeal as if it were the denial of a motion for postconviction relief, see Butler v. State, 613 So.2d 1348 (Fla. 2d DCA 1993), cause dismissed, 621 So.2d 1065 (Fla.1993); Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991), we conclude that the trial court erred in summarily denying the motion and remand for an evidentiary hearing to determine ownership issues, see Stone v. State, 630 So.2d 660 (Fla. 2d DCA 1994), to determine whether any of the items owned by Petitioner are no longer needed and should be returned, see McCants v. State, 671 So.2d 221 (Fla. 1st DCA 1996), and to determine whether the sheriff's office is no longer in possession of items owned by Petitioner, as to which Petitioner may have grounds to bring a separate civil action, see id. at 661; Butler, 613 So.2d at 1350; Brown v. State, 613 So.2d 569, 571 (Fla. 2d DCA 1993).
FARMER, PARIENTE and STEVENSON, JJ., concur.