GROSS, Judge.
Appellant, David Almanza, entered a plea of no contest to the charge of carrying a *254 concealed firearm, in violation of section 790.01(2), Florida Statutes (1995). The plea agreement was silent as to the disposition of the firearm seized from Almanza. As part of the sentence, the trial judge withheld adjudication of guilt. By the time of the plea, Almanza had obtained a license to carry a concealed firearm.
Almost two months after being sentenced, Almanza moved in the trial court for the return of his gun. The trial court denied the motion, ruling that section 790.08(2), Florida Statutes (1995), requires forfeiture of seized weapons upon conviction of a crime and that section 790.08(3) only permits the return of such weapons if the defendant is acquitted or the charges are dismissed.
Sections 790.08(2) & (3) provide in relevant part:
(2) If the person arrested as aforesaid is convicted of violating s. 790.07, or of a similar offense under any municipal ordinance, or any other offense involving the use or attempted use of such weapons, electric weapons or devices, or arms, such ... arms shall become forfeited to the state.
(3) If the person arrested as aforesaid is acquitted of the offenses mentioned in subsection (2), the said ... arms taken from him as aforesaid shall be returned to him; however, if he fails to call for or receive the same within 60 days from and after his acquittal or the dismissal of the charges against him, the same shall be delivered to the sheriff as aforesaid to be held by him as hereinafter provided.
(Emphasis supplied).
Section 790.08 does not control the situation presented in this case because Al-manza did not plead to a charge “involving the use or attempted use of such weapons,” one of the three categories of crimes which section 790.08(2) specifically articulates as the prerequisite to forfeiture.
There is no express definition of the word “use.” The most common dictionary definition of “use” is “the act of employing, using, or putting into service.” The Random House Dictionary of the English Language, Unabridged Ed., 1574 (1967). Where a statutory term is susceptible of two different interpretations in a criminal ease, the rule of lenity requires that it be construed in the manner most favorable to the accused. See Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991); Arthur v. State, 391 So.2d 338 (Fla. 4th DCA 1980); § 775.021(1), Fla. Stat. (1995). As the supreme court observed in Rogers v. Cunningham, 117 Fla. 760, 158 So. 430, 432 (1934), if doubt exists as to the construction of a statute “prescribing punishment and penalties ... it is the duty of the court to resolve such doubt in favor of the citizens and against the state.” This rule of construction is applicable to statutes imposing a forfeiture of property. See McCaskill v. Union Naval Stores Co., 59 Fla. 571, 52 So. 961, 962 (1910).
Section 790.08(2) requires forfeiture if an arrestee is “convicted of violating s. 790.07, or of a similar offense under any municipal ordinance, or any other offense involving the use or attempted use of such weapons.” Section 790.07, Florida Statutes (1995), concerns the use of weapons or firearms while under indictment or during the commission of a felony, a set of circumstances inapplicable to this case. The police discovered that Almanza was carrying a gun without a license when they stopped him for a traffic violation. At no time did Almanza use the firearm; Almanza’s problem arose from its passive concealment. Concealed possession of a firearm incident to a traffic infraction does not amount to an offense involving the “use or attempted use” of a weapon within the meaning of this statute.
Since Almanza was neither “acquitted” nor “convicted” of a charge “involving the use or attempted use” of a weapon within the meaning of section 790.08, that statute does not control the issue of whether the trial court should return his gun. Where there is no controlling statute governing the return of property at the conclusion of a criminal case, the trial court has the inherent power to direct the return of property seized from a criminal defendant, if that property is no longer needed as evidence against him. See Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991); Moore v. State, 533 So.2d 924 (Fla. 2d *255 DCA 1988); Estevez v. Gordon, 386 So.2d 43 (Fla. 3d DCA 1980).
This is not a ease where forfeiture of the firearm was included as a condition , of the plea, nor has the state commenced a forfeiture proceeding under the Florida Contraband Forfeiture Act, §§ 932.701-932.707, Florida Statutes (1995), or any other statute. Section 790.08(2) does not apply. The state has not pointed us to any other statute that would control. Therefore, we reverse the order of the trial court and remand for a hearing consistent with this opinion and Coon, Moore, and Estevez.
STONE, C.J., and KLEIN, J., concur.