PER CURIAM.
Allan Paul Darman timely appeals from an order denying his motion for return of property seized by the state. We reverse.
Police stopped Darman on July 13, 1997 for making an improper right turn. As a result of a consensual search of his car, police discovered a black police wallet containing a fake Maine police badge, Dar-man’s IBMID identification card, two sets of handcuffs, a flashlight, a .38 caliber revolver, lock-picking instruments, bolt cutters, rubber gloves, a brown fake beard, and duct tape. Police then arrested Dar-man for possession of burglary tools and loitering and prowling, and seized the above items of property.
On August 6, 1997, the state decided not to prosecute Darman and filed an announcement of no information. Darman claimed he never received notice of the filing until October 24, 1997, more than 60 days after the filing of the announcement of no information. Immediately, defendant filed a motion to return his property. The trial court denied the motion as being untimely because it was filed more than 60 days after the filing of the announcement of no information. As such, the trial court ruled that title to Darman’s property became vested in the Pompano Beach Police Department.
Florida Statutes, section 705.105 (1997), governs the procedure regarding unclaimed personal property seized by police in circumstances such as those at bar. This statute provides, in pertinent part,
Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding.
§ 705.105(1), Fla. Stat. Although not expressly stated, procedural due process requires that persons having an interest in such property are entitled to reasonable notice and an opportunity to be heard before their rights in the property can be terminated under this statute. See Doersam v. Brescher, 468 So.2d 427, 428 (Fla. 4th DCA 1985) (holding that proceedings to forfeit property used in the commission of a felony do not meet minimum due process requirements unless persons having an interest in the property are given reasonable notice and opportunity to be heard). In all types of forfeiture cases courts have construed “reasonable” notice *554 to require actual notice. See Department of Law Enforcement v. Real Property, 588 So.2d 957, 965 (Fla.1991); Art. I, § 9, Fla. Const.
In the instant case, the record does not establish that Darman received actual, timely notice of the state’s announcement of no information. The state never argued at the hearing on Darman’s motion that it served Darman or otherwise provided him with actual notice. Moreover, the announcement itself contained no certificate of mailing which indicated whether the state ever attempted to provide Darman with any notice. Darman argues that he was denied due process because he was never given any notice of the state’s August 6, 1997 announcement of no information, which was what concluded the proceeding. As such, he maintains that his motion for the return of his property should not have been barred by the 60 day limitations period under section 705.105(1). We agree.
As to the other issues Darman raises on appeal, we affirm.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.
GUNTHER, FARMER and TAYLOR, JJ., concur.