PER CURIAM.
Davidson appeals an order summarily denying his motion for return of property. In his motion appellant sought return of his property, which was admitted as evidence during his criminal trial. The trial court summarily denied relief without any explanation for its action. Because the motion was facially sufficient to invoke the criminal court’s authority to effect the return of such property, the trial court erred in summarily denying it. See Garmire v. Red Lake, 265 So.2d 2, 5 (Fla.1972); McCants v. State, 671 So.2d 221 (Fla. 1st DCA 1996) (holding where motion for return of property was “facially sufficient to invoke the criminal court’s inherent authority to effectuate the return of such property,” summary denial was “precluded]”); Coon v. State, 585 So.2d 1079 (Fla.App. 1st DCA 1991) (reversing unexplained summary denial of motion for return of property for evidentiary hearing because appellant’s claim was legally sufficient and “he would be deprived of due process of law if he were not afforded a prompt hearing on this matter”). Accordingly, we reverse and remand for further proceedings. See Raffone v. Fort Lauderdale Police Dep’t, 731 So.2d 94 (Fla. 4th DCA 1999) (reversing summary denying denial of motion for return of property and remanding for evidentiary hearing to determine ownership issues, status and location of seized property, and whether valid basis, if any, exists for permitting retention of the property by seizing agency); Calavenzo v. State, 695 So.2d 857 (Fla. 4th DCA 1997) (reversing summary denial of motion for return of property and remanding for evidentiary hearing to determine ownership issues, whether any of petitioner’s property was no longer needed and should be returned, and whether the sheriffs office in possession of petitioner’s property).
JOANOS, MINER and DAVIS, JJ., CONCUR.