BENTON, J.
Robert McKeever appeals an order denying in part his motion for return of property in the possession of the state. *689 After Mr. McKeever’s convictions for certain crimes had become final, he filed a motion for the return of his property the state still held, alleging that the property was no longer needed by the state. In its response to the motion, the state contested the return of much of this property on grounds that it would be needed as evidence against Mr. McKeever in the event his convictions were ever overturned. Apparently accepting the state’s allegations, despite the lack of any direct appeal and in the apparent absence of any collateral proceedings, the trial court summarily denied Mr. McKeever’s motion except as to those items the state indicated a willingness to return. We reverse and remand for further proceedings consistent with this opinion.
The trial court should have held an evidentiary hearing to determine if the state had a continuing need to retain the property. See Raffone v. Fort Lauderdale Police Dep’t, 731 So.2d 94, 94 (Fla. 4th DCA 1999); Calavenzo v. State, 695 So.2d 857, 857 (Fla. 4th DCA 1997). The trial court erred in summarily denying the motion without such a hearing. See Davidson v. State, 751 So.2d 189, 190 (Fla. 1st DCA 2000) (“[A]ppellant sought return of his property, which was admitted as evidence during his criminal trial. The trial court summarily denied relief without any explanation for its action. Because the motion was facially sufficient to invoke the criminal court’s authority to effect the return of such property, the trial court erred in summarily denying it.”); McCants v. State, 671 So.2d 221, 221 (Fla. 1st DCA 1996) (“The appellant challenges an order by which a motion for the return of property was summarily denied. The appellant alleged that the property was seized in connection with criminal charges, and that the property is no longer needed as evidence since the criminal case has proceeded to a final resolution on appeal. The motion is facially sufficient to invoke the criminal court’s inherent authority to effectuate the return of such property, thus precluding summary denial.”). Once direct appeal concludes — or, as here, time for taking a direct appeal has run — the trial court cannot rely on the state’s unsupported assertion that it needs to retain private property. See Davidson, 751 So.2d at 190; McCants, 671 So.2d at 221. The trial court has the inherent authority to direct the state to return property seized in connection with criminal proceedings and should do so here absent proof of the state’s further need for the property. See Coon v. State, 585 So.2d 1079, 1080 (Fla. 1st DCA 1991). Accordingly, we reverse and remand for further proceedings.
BOOTH and WOLF, JJ., CONCUR.