WARNER, C.J.
This is the second time this case involving appellant’s claim to a firearm seized by the police has been before us. In Darman v. State, 734 So.2d 552 (Fla. 4th DCA 1999) (“Darman I”), we reversed the trial court’s determination that the motion for return of property was untimely and directed the trial court to hold a hearing on the motion. The trial court subsequently determined that the legal owner of the firearm was the Windsor, Connecticut Police Department and not appellant. It therefore ordered the gun to be returned to the police department. Because the order is supported by competent substantial evidence, we affirm.
The facts of this case are set forth in Darman I:
Police stopped Darman on July 13, 1997 for making an improper right turn. As a result of a consensual search of his car, police discovered a black police wallet containing a fake Maine police badge, Darman’s IBMID identification card, two sets of handcuffs, a flashlight, a .38 caliber revolver, lock-picking instruments, bolt cutters, rubber gloves, a brown fake beard, and duct tape. Police then arrested Darman for possession of burglary tools and loitering‘and prowling, and seized the above items of property.
On August 6, 1997, the state decided not to prosecute Darman and filed an announcement of no information. Dar-man claimed he never received notice of the filing until October 24, 1997, more than 60 days after the filing of the announcement of no information. Immediately, defendant filed a motion to return his property. The trial court denied the motion as being untimely because it was filed more than 60 days after the filing of the announcement of no information. As such, the trial court ruled that title to Darman’s property became vested in the Pompano Beach Police Department.
Id. at 553. The court in Darman I determined that appellant was entitled to a hearing on the motion because he had not been notified of the dismissal of the charges against him. While section 705.105(1), Florida Statutes (1997), requires that any motion to return seized property be brought within sixty days of the conclusion of the proceeding, appellant had not received notice of the dismissal. Therefore, we reversed because he had been denied the opportunity to present a timely motion for return of the property.
On remand, the trial court held a hearing on the motion. At the hearing, the state presented evidence that the revolver in question was originally purchased by the Windsor, Connecticut Police Department in 1971. Appellant’s father was chief of that police department, and the revolver was signed for and possessed by him. The police department’s records do not reveal an official transfer of ownership, nor do the registration records of Connecticut. Chief Darman retired from the police de *800 partment in 1978 and died in 1979. Among his possessions at his death was the revolver. His estate was probated, and no claim was made for the revolver. Appellant was in possession of the revolver at the time of his arrest. An officer of the Windsor Police Department testified at the hearing that the department’s records showed no transfer of the weapon to Chief Darman and that it was not the department’s policy to turn over service weapons to retiring police chiefs, nor did the records show that the gun was a gift to Chief Darman. However, no complaint was made that the gun was stolen, and the department ceased to use this type of revolver twenty years ago. The Windsor officer concluded that his department still owned the gun. Based upon the evidence presented at the hearing, the court determined that the Windsor Police Department was the owner of the gun and ordered it returned to that police department.
We reject appellant’s contention that the court should have looked to section 790.08, which provides specifically for the return of weapons seized by law enforcement. We conclude that the section requires use or attempted use of a weapon in a felony for the specific return requirements of the statute to apply. Appellant was arrested for possession of burglary tools, which does not involve the use or attempted use of a firearm. See Calliar v. State, 760 So.2d 885, 887 (Fla.1999) (a burglary tool is one that is used or intended to be used to unlawfully enter the premises of another; it does not include tools or other objects intended to be used to commit an offense once inside the premises). Hence, the gun in this case does not qualify as a “burglary tool.”
Section 790.08(3) requires the return of a weapon to a defendant if “charges” against him or her are dismissed. However, the “charges” referred to in the statute include only a “[violation of] s. 790.07, or of a similar offense under any municipal ordinance, or any other offense involving the use or attempted use of such weapons ...” § 790.08(2), Fla. Stat. (1997). Appellant was never charged with a violation of section 790.07. Moreover, he did not use or attempt to use the weapon in the commission of a felony within the meaning of section 790.08. In Almanza v. State, 711 So.2d 253 (Fla. 4th DCA 1998), we held that the passive concealment of a weapon did not constitute the use or attempted use of a weapon within the meaning of section 790.08. Almanza is directly on point.
As we held in Almanza, even though section 790.08 is inapposite, a trial court has the inherent authority to order the return of property seized as part of a criminal investigation. “Where there is no controlling statute governing the return of property at the conclusion of a criminal case, the trial court has the inherent power to direct the return of property seized from a criminal defendant, if that property is no longer needed as evidence against him.” Id. at 254. We held in Oleandi v. State, 731 So.2d 4, 5 (Fla. 4th DCA 1999), that the court has the power to direct return of the property and the right to refuse its return.
In the instant case the trial court determined that the Windsor Police Department was the true owner of the property. Competent substantial evidence supports the court’s decision. The gun was registered to the Windsor Police Department, and there was no record of any gift of the gun to appellant’s father. While there is evidence from which the trial court might have determined to return the gun to appellant, the trial court is the finder of fact, and we will not second guess its factual ruling.
For the foregoing reasons, we affirm the trial court’s order.
HAZOURI, J., and BARKDULL, THOMAS H., Associate Judge, concur.