ALTENBERND, Judge.
 

 Joseph Williams is serving three concurrent twenty-five-year sentences for robbery. After he pleaded to these offenses, he filed a “writ of replevin complaint” to obtain a wallet, a watch, some shoes, and $100.64 that had been seized by the St. Petersburg Police Department at the time of his arrest. Mr. Williams filed this pleading under his criminal case and did not initiate a separate proceeding. The trial court properly treated his “writ” as a motion to recover property.
 
 See Brown v. State,
 
 613 So.2d 569, 570 (Fla. 2d DCA 1993) (stating that a defendant is not required to file a separate suit for replevin or conversion when seeking to recover property seized in connection with his or her case). The trial court ordered a response, and the police department admitted that it had the property and was willing to return it. The police department, however, pointed out that Mr. Williams owed $1599 in restitution, a $475 fine, and additional costs. The trial court ordered the police department to return all of the property to Mr. Williams, except for the money. Without giving Mr. Williams an opportunity to respond, the trial court ordered the police department to transfer the money to the Sixth Judicial Circuit Clerk of Court to assist in satisfying the above-referenced obligations.
 

 Mr. Williams argues that the trial court violated his rights by ordering his money transferred to someone other than himself when the only pending motion was his request that the money be returned to him. He relies on
 
 Benedetti v. State,
 
 584 So.2d 203, 204 (Fla. 2d DCA 1991), which holds that the court cannot forfeit money to the State under these circumstances
 
 *143
 
 without providing the defendant with notice and an opportunity to be heard. We agree that
 
 Benedetti
 
 is controlling. Accordingly, we reverse the order and remand for further proceedings in which the trial court may either order the police department to return the money to Mr. Williams or provide him with notice and an opportunity to respond to any other lawful transfer that the court may seek to make of this money. We express no opinion on the court’s authority to compel the police department to transfer funds to the clerk of court under these circumstances.
 

 Reversed and remanded.
 

 DAVIS and KHOUZAM, JJ., Concur.