WOLF, J.
This cause comes before this court on appeal from a denial of a motion for return of property. The trial court denied the motion under the assumption that it lacked jurisdiction over property that was allegedly in the custody of the seizing agency and not in the custody of the court or the clerk of the court. This assumption was in error.
A “trial court has the inherent authority to direct the state to return property seized in connection with criminal proceedings.” McKeever v. State, 764 So.2d 688, 689 (Fla. 1st DCA 2000). This is true regardless of whether the property is in the court’s custody or in the custody of the seizing agency. See, e.g., Stone v. State, 680 So.2d 660, 661 (Fla. 2d DCA 1994) (explaining that if a motion for return of property is not summarily denied, the trial court must ascertain whether the property was confiscated by a law enforcement agency in connection with a criminal prosecution and whether the property is still in the agency’s possession).
We, therefore, reverse and remand for reconsideration of appellant’s motion. See Bailey v. State, 93 So.3d 518, 519 (Fla. 1st DCA 2012) (explaining that if a defendant’s motion for return of seized property is facially sufficient, the court may issue an order to show cause to the State to assist the court in determining whether the defendant’s allegations can be conclusively refuted; if the defendant’s allegations are not conclusively refuted, an evidentiary hearing is required).
REVERSED and REMANDED.
PADOVANO and LEWIS, JJ„ concur.