NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JOEL P. SANCHEZ,                              )
                                             )
                Appellant,                    )
                                             )
v.                                           )       Case No. 2D13-1777
                                             )
STATE OF FLORIDA,                            )
                                             )
                Appellee.                     )
_____)

Opinion filed July 30, 2014.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Joel P. Sanchez, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Christina Zuccaro,
Assistant Attorney General, Tampa, for
Appellee.


BAUMANN, HERBERT J., JR., Associate Judge.

              Joel P. Sanchez seeks review of an order directing that money

confiscated during his arrest be applied to his outstanding fines and court costs.

Because the trial court neither held an evidentiary hearing on the motion nor attached

portions of the record that conclusively refuted Mr. Sanchez's claims, we reverse.

## Procedural History

Mr. Sanchez is currently serving a sixty-nine-month prison sentence for the offense of trafficking in illegal drugs. While the appeal of that judgment and sentence was pending, Mr. Sanchez filed a motion seeking the return of $1277 that was removed from his pockets when he was arrested. The Manatee County Sheriff's Office filed a response to the motion, asking the trial court to apply the money to Mr. Sanchez's court costs and fines in the trafficking case.[1] The trial court stayed the motion pending the outcome of Mr. Sanchez's appeal of his judgment and sentence. After his appeal became final, Mr. Sanchez filed a motion asking the trial court to revisit his original motion. The Manatee County Clerk of Court filed a response to the motion and asked the trial court to apply the total $1277 to Mr. Sanchez's court obligations. Without holding a hearing on the matter, the trial court entered an order directing that the money be applied to the court obligations.

## Discussion

"A trial court's jurisdiction over a criminal proceeding includes inherent authority over property seized or obtained in connection with the proceeding and thus held in custodia legis." Stevens v. State, 929 So. 2d 1197, 1198 (Fla. 2d DCA 2006) (citing White v. State, 926 So. 2d 473, 474 (Fla. 2d DCA 2006)). "This authority continues beyond the termination of the prosecution, thus enabling the court to direct the return of the property to its rightful owner." Id.

The applicable procedure for a trial court to follow when a defendant seeks the return of his seized property is set forth in Bolden v. State, 875 So. 2d 780

---

[1]The response stated that the amount seized was $1228.

- 2 -

(Fla. 2d DCA 2004). The trial court must first determine whether the defendant has filed a facially sufficient motion. "To be facially sufficient, the motion must allege that 'the property at issue was his personal property, was not the fruit of criminal activity, and was not being held as evidence.' " Id. at 782 (quoting Durain v. State, 765 So. 2d 880, 880 (Fla. 2d DCA 2000)). Although the motion must specifically identify the property at issue, it does not need to "establish proof of ownership in order to allege a facially sufficient claim for the return of property." Id. (citing Stone v. State, 630 So. 2d 660, 660-61 (Fla. 2d DCA 1994)). If the motion is facially sufficient, the trial court may order the State to file a response. Id. The trial court should then either deny the motion and attach portions of the record that conclusively refute the claim or it should hold an evidentiary hearing on the motion. See Almeda v. State, 959 So. 2d 806, 809 (Fla. 2d DCA 2007).

The present case is similar to Williams v. State, 35 So. 3d 142, 142 (Fla. 2d DCA 2010), where police officers seized $100.64, in addition to other property, when they arrested the appellant. After the criminal case had concluded, the appellant filed a motion to recover the property. Id. In response, the police department acknowledged that it had the property, but it noted that the appellant owed money for restitution, fines, and additional costs. Id. Thereafter, the trial court ordered the police department to transfer the money to the clerk of court to contribute to the above obligations without providing the appellant a chance to respond. Id. This court concluded that it was improper for the trial court to forfeit the money to the State without giving the appellant notice and an opportunity to be heard. Id. at 142-43.

In the present case, the trial court did not find that the allegations in Mr. Sanchez's motion were facially insufficient, and it neither held an evidentiary hearing on the motion nor attached portions of the record that conclusively refuted the claims made in the motion. Accordingly, we reverse the order denying Mr. Sanchez's motion for the return of seized property and remand for proceedings consistent with this opinion.

Reversed and remanded.

KHOUZAM and BLACK, JJ., Concur.