STONE, Judge.
We reverse an order dismissing a forfeiture proceeding. The record reflects that the petitioner established probable cause that the respondent tyas in control of his vehicle which contained contraband, shifting the burden to respondent to prove a defense. See Florida Contraband Forfeiture Act, Section 932.701, et seq., Florida Statutes. See also In re Forfeiture of Approximately Forty-Eight Thousand Nine Hundred Dollars ($48,900.00) in U.S. Currency, 432 So.2d 1382 (Fla. 4th DCA 1983). See also United States v. One 1980 Stapleton Pleasure Vessel Named Threesome, Registration No. FL 4180EA, 575 F.Supp. 473 (S.D.Fla.1983).
The action was dismissed upon an evidentiary hearing on appellee’s motion,[1] •prior to a final hearing, because the court determined that petitioner would not be able to establish respondent’s control of the vehicle. However, in doing so the trial court erred by applying a criminal standard of proof in weighing the circumstantial evidence. Forfeiture proceedings are civil in nature. Therefore, respondent does not meet his burden as a matter of law simply by raising a reasonable hypothesis of innocence.
Additionally, the trial court erred in determining that appellee’s statements to the police at the scene of arrest could not be considered because they were privileged as an accident report pursuant to section 316.066(4), Florida Statutes, which provides:
Each accident report made by a person involved in an accident shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a *896 person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident.
The appellant was found alone standing next to his vehicle in a highway median strip. He admitted ownership and control at the scene, and claimed to be cut off by a phantom vehicle. However, appellant in this proceeding now denies his involvement in the “accident,” but claims to have been “present” by virtue of having arrived shortly after the car went onto the median.
In Combs v. State, 436 So.2d 93 (Fla.1983), the supreme court held that the statutory privilege does not extend to statements disclosing identity where that person subsequently denies involvement. One who denies involvement in the incident or accident but claims “presence” only by virtue of subsequently arriving at the scene, can hardly claim the protection of the statutory privilege.
ANSTEAD, J„ and WILLIAM C. OWEN, Jr., Associate Judge, concur.

. We note that the evidentiary hearing on the motion to dismiss was not authorized by procedural rules but that is not the issue raised on appeal.