HALL, Judge.
The appellant^ the Lee County Sheriffs Department, challenges a trial court order denying its request for forfeiture of a vehicle, wherein a certain quantity of crack cocaine was discovered. The sheriffs department contends the trial court erred in denying its petition, without an evidentiary hearing, on grounds that the appellee, Richard H. Potts, the owner of the vehicle, was never criminally prosecuted for possession of crack cocaine. The sheriffs department argues that, at the very least, it was entitled to an evidentiary hearing pursuant to Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991), to determine whether the property at issue was in fact used to violate current drugs laws and was, thus, subject to forfeiture. We agree and remand the case for further proceedings.
In Department of Law Enforcement v. Real Property, the supreme court acknowledged that “[i]n forfeiture proceedings the state impinges on basic constitutional rights of individuals who may never have been formally charged with any civil or criminal wrongdoing.” Id. at 967. Similarly, this court has stated that “[a] forfeiture proceeding constitutes ‘a civil, in rem action that is independent of any factually related criminal actions.’ ” See In re Forfeiture of 1986 Pontiac Firebird, 600 So.2d 1178, 1179 (Fla.2d DCA 1992), and cases cited therein.
Since, based on the foregoing, the viability of the instant forfeiture was not dependent on an underlying criminal prosecution, we find the trial court erred in denying the instant petition on the basis that a forfeiture action is so dependent. Thus, an evidentiary hearing, pursuant to Department of Law Enforcement v. Real Property, should have ensued.
Accordingly, the instant cause is remanded for proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.