655 So.2d 109 (1995)
Ronald Greg BENNETT, Appellant,
v.
Kathryn R. BENNETT, N/K/a Kathryn R. Rogers, Appellee.
No. 93-3236.
District Court of Appeal of Florida, First District.
January 19, 1995.
*110 Clyde M. Collins, Jr., Jacksonville, and Gary C. Luke, Orange Park, for appellant.
John J. Rahaim III, Jacksonville, for appellee.
WOLF, Judge.
Husband, Ronald Greg Bennett, appeals from a final judgment of dissolution of marriage which, among other things, awarded custody of the parties' dog, "Roddy." The husband asserts that (1) the trial court erred in awarding the former wife visitation with the parties' dog, and (2) the trial court erred in modifying the final judgment to increase the former wife's visitation rights with the dog. We find that the trial court lacked authority to order visitation with personal property; the dog would properly be dealt with through the equitable distribution process.
A brief recitation of the procedural history will demonstrate the morass a trial court may find itself in by extending the right of visitation to personal property. The parties stipulated to all issues in the final judgment of dissolution of marriage except which party would receive possession of the parties' dog, "Roddy." After a hearing, the trial court found that the husband should have possession of the dog and that the wife should be able to take the dog for visitation every other weekend and every other Christmas.
The former husband contested this decision and filed a motion for rehearing alleging that the dog was a premarital asset. He also filed a motion for relief from final judgment and an amended motion for rehearing. The wife replied and filed a motion to strike former husband's amended motion for rehearing and a motion for contempt. The former wife requested that the trial court transfer custody of the dog because the former husband was refusing to comply with the trial court's order concerning visitation with the dog.
A hearing on these motions was held on September 27, 1993. The wife's counsel filed an ore tenus motion requesting the trial court to change custody, or in the alternative, change visitation. The trial court denied the former husband's motion for rehearing and granted the former wife's ore tenus motion to change visitation. Thus, the trial court's ruling on visitation now reads:
7. Dog, Roddy: The former Husband, RONALD GREGORY BENNETT, shall have custody of the parties' dog "Roddy" and the former Wife, KATHRYN R. BENNETT n/k/a KATHRYN R. ROGERS shall have visitation every other month beginning October 1, 1993. The visitation shall begin on the first day of the month and end on the last day of the month.
Based on the history of this case, there is every reason to believe that there will be continued squabbling between the parties concerning the dog.
While a dog may be considered by many to be a member of the family, under Florida law, animals are considered to be personal property. County of Pasco v. Riehl, 620 So.2d 229 (Fla. 2d DCA 1993), and Levine v. Knowles, 197 So.2d 329 (Fla. 3d DCA 1967). There is no authority which provides for a trial court to grant custody or visitation pertaining to personal property. § 61.075, Fla. Stat. (1993).
While several states have given family pets special status within dissolution proceedings (for example, see Arrington v. Arrington, 613 S.W.2d 565 (Tex.Civ.App. 1981)), we think such a course is unwise. Determinations as to custody and visitation lead to continuing enforcement and supervision problems (as evidenced by the proceedings in the instant case). Our courts are overwhelmed with the supervision of custody, visitation, and support matters related to the *111 protection of our children. We cannot undertake the same responsibility as to animals.
While the trial judge was endeavoring to reach a fair solution under difficult circumstances, we must reverse the order relating to the custody of "Roddy," and remand for the trial court to award the animal pursuant to the dictates of the equitable distribution statute.
WEBSTER and MICKLE, JJ., concur.