662 So.2d 395 (1995)
Samy HELMY and Nadia Helmy, Petitioners,
v.
Hon. William T. SWIGERT, Circuit Court Judge, etc., et al., Respondents.
No. 95-1494.
District Court of Appeal of Florida, Fifth District.
November 3, 1995.
*396 Robert A. Rush, Gainesville, for Petitioners.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Respondent Honorable William T. Swigert.
Edwin C. Cluster of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for Respondent The Humane Society of Marion County.
W. SHARP, Judge.
Samy Helmy and Nadia Helmy petition this court to issue a writ of mandamus directed to the Honorable William T. Swigert, directing him to respond to their motion by ordering the return of their personal property, Popeye, a male Pekingese dog. Popeye was allegedly seized as evidence in a criminal case, which was later nol prossed. The trial judge denied the Helmys any relief in this case because they had not filed a written demand for the return of Popeye directed to the Sheriff, and because the court lacked jurisdiction over the Humane Society, where Popeye is presently lodged. The Humane Society is apparently asserting a $9,704.50 lien for boarding and feeding Popeye from the time of his seizure until the present.
Mandamus is the proper procedural vehicle to compel a trial court to order the return of property which was seized from a defendant, after it is no longer needed as evidence in a case. See Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991). A separate civil action for replevin or conversion is not required. The Helmys also contend that a trial court has inherent authority to determine the ownership of property and to release items held in custodia legis by the *397 court. See Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972).
However, before the issuance of a writ of mandamus is appropriate, there must be a clear legal duty to do the act ordered, and there should be no disputed issues of fact.[1] In this case the State disputes the Helmys' factual statement that Popeye was seized by the sheriff's department as evidence in a criminal case. The State alleges that the petitioners were arrested for practicing veterinary medicine without a license, but Popeye was seized by an animal control officer employed by the Humane Society after a complaint of a civil infraction of animal cruelty was received. Thus, the state's position is that Popeye is not being held in custodia legis. The Humane Society also claims it was never made a party to this case, and the court lacks jurisdiction over it to resolve its claim of lien against Popeye.
With regard to the Humane Society, if it acted independently and seized Popeye pursuant to a civil complaint based on animal cruelty, then the right to possess the dog should be resolved by complying with the procedure set forth in section 828.073, Florida Statutes (1993), by the Society's filing a petition with the county court and obtaining a prompt hearing. But no compliance has been alleged under that statute.
The Helmys point out that if the Humane Society obtained possession of the dog, to hold it for the State as evidence, then the Society is the state's agent, and is holding Popeye in custodia legis. See, e.g., Garmire, 265 So.2d at 2 (police hold property for criminal court in custodia legis). The manner and mode of the Humane Society's obtaining possession of Popeye is a factual issue, which should be resolved.
There is also a statutory procedure for the return of property obtained by the State pursuant to a search warrant. See § 933.14, Fla. Stat. (1993). See also Sawyer v. Gable, 400 So.2d 992 (Fla. 3d DCA 1981). The Helmys have included in their appendix to their reply brief a copy of a search warrant which shows a Pekingese dog was included in the inventory of property taken. This was apparently Popeye. However the State denies Popeye was taken pursuant to a search warrant. This is another factual issue which should be resolved.
Under Florida law, a dog is considered to be personal property. See Bennett v. Bennett, 655 So.2d 109 (Fla. 1st DCA 1995); County of Pasco v. Riehl, 620 So.2d 229 (Fla. 2d DCA 1993), affirmed, 635 So.2d 17 (Fla. 1994); Levine v. Knowles, 197 So.2d 329 (Fla. 3d DCA 1967). The Helmys, therefore, have possibly been deprived of their property without due process of law. See County of Pasco v. Riehl, 620 So.2d at 231. Although all parties agree there must be a remedy afforded the Helmys, they disagree what it should be. In its order denying the Helmys' motion for return of their property, i.e., Popeye, the trial judge directed them to file a written demand for return with the Sheriff, which apparently they have not done. However, the Helmys wrote letters to both the Sheriff and the Humane Society requesting information about Popeye, and informing them of their desire to have the dog returned to them. Also, they filed formal motions in the circuit court to have Popeye returned.
As stated in Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993), once a trial court assumes jurisdiction over criminal charges, it has inherent authority to assist the true owner in recovering property held in custodia legis. See also Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972) (criminal court has inherent jurisdiction to determine the disposition of property confiscated temporarily for evidentiary purposes). Upon receipt of a facially sufficient motion, the trial court is obligated to exercise its jurisdiction and resolve the questions of whether the property was in fact seized by the state, and whether there exists a valid basis to retain the property.
*398 It appears to this court that the Helmys have alleged and provided proof in the form of a transcript and other documents, that Popeye, their dog, was taken and held by the State as evidence in a criminal prosecution. The State's claim to the contrary is unsupported by any evidence. Although all parties agree Popeye is presently in the custody of the Humane Society, it is unclear how the Humane Society obtained custody of him. These matters should be resolved after a fact-finding hearing.
In this case, the trial court failed to resolve any factual issue, and simply denied the Helmys' motion. The court should have addressed the conflicting claims and determined whether Popeye is being held in custodia legis. If he is, the court should grant the Helmys the relief they seek. Accordingly, we grant the petition for writ of mandamus, and direct that the trial court hold an evidentiary hearing and make findings of fact resolving the factual disputes discussed above. These matters should be incorporated in a written order, which will then be appealable.
Writ of mandamus GRANTED; REMANDED to trial court for further proceedings consistent with this opinion.
PETERSON, C.J., and GOSHORN, J., concur.
NOTES
[1] See State ex rel. International Association of Firefighters, Local 2019 v. Board of County Commissioners, Broward County, 254 So.2d 195 (Fla. 1971) (court will not entertain petition for writ of mandamus which raises substantial issues of fact); Board of Commissioners for Lee County v. Royal Pelican Development, Inc., 614 So.2d 1164 (Fla. 2d DCA), rev. denied, 624 So.2d 268 (Fla. 1993) (mandamus is improper where material issues of fact are unresolved).