706 So.2d 1366 (1998)
Joseph KERN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3414.
District Court of Appeal of Florida, Fifth District.
January 30, 1998.
*1367 James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Kern appeals from an order releasing evidence to the state. This evidence had been seized by the Metropolitan Bureau of Investigation and used against Kern in his criminal case. The court found "probable cause" that the evidence was contraband. We affirm, but modify the order as set forth herein.
Kern was charged on June 28, 1996, with delivery of drug paraphernalia, a violation of section 893.147(2), Florida Statutes (1995). Kern waived his right to a jury trial and the case was tried before the same judge who rendered the order being appealed. Only two witnesses testified at trial: Agent Carbaugh *1368 from the Orange County Sheriff's Department, and Agent Kish from the Osceola County Sheriff's Office.
Carbaugh testified that in January 1996, he was investigating the sale of suspected drug paraphernalia at the East Colonial Flea Market. He went to Kern's booth, which contained pipes, chambered water pipes (known in the drug trade as "bongs"), and other items. Carbaugh told Kern he was looking for something to smoke some good "cripi."[1]
Kern told him to hush. He then showed him various pipes on display and described how they worked. He eventually sold Carbaugh a pipe for $40.00. They also had a discussion about raising "plants." Kern told Carbaugh that he could purchase a "photron" advertised in "High Times" magazine, to grow the plants. The word "marijuana" was not used.
On February 9th, Carbaugh returned to the booth and purchased another pipe. He talked about smoking cannabis with the pipe. Kern was standing a short distance away, but Carbaugh dealt with another person standing behind the booth. On a later March 8th visit to the booth, he did not see Kern.
Based on his observations at the booth, Carbaugh obtained a search warrant. Pursuant to the warrant, he seized the inventory of the booth at the flea market. The inventory, together with the pipe sold to Carbaugh and some paper work, were admitted in evidence at Kern's criminal trial. On cross-examination, Carbaugh admitted that neither the pipe he purchased, nor any of the other items seized, had been tested for drugs.
Kish testified she assisted Carbaugh in executing the search warrant. She identified the inventory as bongs and paraphernalia often used to smoke marijuana. No drugs had been found at the booth.
The trial judge ruled that Kern was not guilty. Defense counsel asked if the judge would entertain an oral motion to release Kern's property. The judge said "no." The defense apparently did not file a written motion for the release of Kern's property.
Several days after the trial, the state moved for release of the evidence. It alleged that the evidence seized and used at Kern's trial was contraband and that title to contraband vested in the seizing agency. It also alleged that some of the items have evidentiary value in the prosecution of other criminal offenses not yet charged.
At the hearing on the motion, the state proffered a copy of the search warrant, a copy of Carbaugh's sworn affidavit, a report by Kish, and a copy of a page from High Times magazine. The prosecutor admitted he has not instituted civil forfeiture proceedings against the property.
Initially, the state argues that the order releasing evidence to the state is not appealable under Florida Rule of Appellate Procedure 9.140(b) as a possible appeal allowed to defendants. We disagree. Some courts treat these orders as interlocutory and appealable under Florida Rule of Appellate Procedure 9.130(a)(1)(C)(ii) (appeal of a nonfinal order which determines the right to immediate possession of property). See, e.g., Lamar v. Universal Supply Co., Inc., 452 So.2d 627 (Fla. 5th DCA 1984), reversed on other grounds, 479 So.2d 109 (Fla.1985). Other courts have treated these orders as final post-judgment orders, processed like post-conviction appeals. See Calavenzo v. State, 695 So.2d 857 (Fla. 4th DCA 1997); Stone v. State, 630 So.2d 660 (Fla. 2d DCA 1994).
On the merits, the state argues that the trial court correctly released the evidence to the state because it is contraband. See §§ 932.701932.707, Fla. Stat. (1995). Section 932.701(2)(a) of the Contraband Forfeiture Act defines the "contraband" as:
1. Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange that was used, was attempted to be used, or was intended to be used in violation of any provision of chapter 893, if *1369 the totality of the facts presented by the state is clearly sufficient to meet the state's burden of establishing probable cause to believe that a nexus exists between the article seized and the narcotics activity, whether or not the use of the contraband article can be traced to a specific narcotics transaction.
Section 932.703 provides that any contraband article may be seized and shall be forfeited and that all rights to it shall vest in the seizing law enforcement agency upon seizure.[2]
We think the state's reliance on the Contraband Forfeiture Act at this point is misplaced. The state did not use the Forfeiture Act's procedure to obtain custody of Kern's property. The Forfeiture Act has survived constitutional challenge only when interpreted to provide adequate procedural safeguards to preserve the property rights of persons from whom property has been seized. See Dept. of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991). Under the Act, a person whose property has been seized is entitled to a prompt adversarial preliminary hearing to determine whether probable cause exists to believe the property is contraband. § 932.703, Fla. Stat. (1997). The ultimate issue of forfeiture must be decided by a jury, unless the right to a jury has been waived by the party whose property was seized. § 932.704(3), Fla. Stat. (1997); In re Forfeiture of 1978 Chevrolet Van, 493 So.2d 433 (Fla.1986).
Kern's trial for delivery of drug paraphernalia cannot substitute as the jury trial for forfeiture of his property. A forfeiture proceeding is a civil in rem action that is independent of any factually related criminal action. In re Forfeiture of 1987 Ford Escort v. Potts, 624 So.2d 385 (Fla. 2d DCA 1993); In re Forfeiture of 1986 Pontiac Firebird v. Burgess, 600 So.2d 1178 (Fla. 2d DCA 1992); Navarro v. Kohan, 566 So.2d 895 (Fla. 4th DCA 1990). See also § 932.704(2) (all civil forfeiture cases to be heard before a circuit judge of the civil division and the rules of civil procedure govern). Neither a conviction nor an acquittal in a criminal case is determinative of the issues in the forfeiture proceeding. In fact, neither the record nor the judgment in the criminal case is admissible in the civil action seeking in rem forfeiture. State v. DuBose, 152 Fla. 304, 11 So.2d 477 (1943); City of Miami v. Barclay, 563 So.2d 203 (Fla. 3d DCA 1990); Knight v. State, 336 So.2d 385 (Fla. 1st DCA 1976), cert. denied, 345 So.2d 424 (Fla.1977).
The "post-acquittal" procedure used in this case does not provide the constitutional safeguards required for forfeiture. See Dept. of Law Enforcement, 588 So.2d at 961. Nor does it address the interests of other persons. For example, one item in evidence was a pipe seized from a third person, apparently an associate of Kern's.
Nonetheless, this does not mean that Kern is automatically entitled to the return of his property. A court has the inherent power to direct the return of property seized from a criminal defendant and the right to refuse to return it. Garmire v. Red Lake, 265 So.2d 2 (Fla.1972); Helmy v. Swigert, 662 So.2d 395 (Fla. 5th DCA 1995); Butler v. State, 613 So.2d 1348 (Fla. 2d DCA 1993); Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993); Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991); Benedetti v. State, 584 So.2d 203 (Fla. 2d DCA 1991); Moore v. State, 533 So.2d 924 (Fla. 2d DCA 1988); Sawyer v. Gable, 400 So.2d 992 (Fla. 3d DCA 1981). This power continues to exist even after the underlying criminal case has been terminated. Coon; Moore; Sawyer.
The court below found that there was sufficient evidence adduced to show probable cause that the articles seized were contraband. We do not have all of the documents in the record on appeal, but presumably they attest to the same facts as were involved in Kern's criminal prosecution. The undercover agent's purchase of a pipe from Kern for the stated purpose of smoking marijuana would appear sufficient to establish probable cause to support releasing the evidence to the state.
However, we do not think that ends the matter. The state should not be *1370 permitted to retain Kern's property indefinitely. If the state wishes to forfeit the property, it must file forfeiture proceedings pursuant to section 932.704. See Benedetti v. State, 584 So.2d 203, 204 (Fla. 2d DCA 1991). A post-acquittal motion to release evidence is not an alternative method of forfeiting property. Forfeitures are harsh exactions and are not favored in law or equity See Dept. of Law Enforcement, 588 So.2d at 961.
Accordingly, we modify the order below to provide that the state may temporarily retain the property. Pursuant to the Contraband Forfeiture Act, the state must promptly proceed against the contraband by filing a complaint in the circuit court,[3] within forty-five days[4] after the mandate in this case issues, or return it to Kern. As an alternative, within that time frame, the state may make a showing that it intends in good faith to bring another criminal prosecution for which the property is admissible. See Stone v. State, 630 So.2d 660 (Fla. 2d DCA 1994).
AFFIRMED as modified.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] "Cripi" is a street name for marijuana, usually describing high potency contraband with a large THC content.
[2] Section 933.14(1), Florida Statutes (1995) provides for the return of property taken pursuant to a search warrant. However, it states that "in no instance shall contraband ... be returned to anyone claiming an interest therein ..." (emphasis added)
[3] § 932.704(4), Fla. Sat. (1997).
[4] § 932.701(2)(c), Fla. Stat. (1997).