781 So.2d 1187 (2001)
EIGHT HUNDRED, INC., etc., et al., Appellants,
v.
STATE of Florida, Appellee.
No. 5D00-1902.
District Court of Appeal of Florida, Fifth District.
April 12, 2001.
*1189 Thomas F. Egan of Thomas F. Egan, P.A., Orlando, for Appellants.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Bradenton Group, Inc. and Eight Hundred, Inc. [the Corporations] timely appeal a non-final order of the trial court denying their motion for return of property. The motion was made at the conclusion of criminal proceedings brought against the Corporations and other individuals which resulted in acquittal of the Corporations of all charges. The Corporations argue that the trial court erred in denying their motion because the law requires that their property, seized pursuant to a search warrant issued in the criminal proceedings, be returned after the criminal proceedings concluded.
In the criminal proceedings, the Office of Statewide Prosecution [Statewide Prosecution] obtained an indictment of seventeen individuals and entities, including the Corporations. Concurrent with the criminal prosecution, the Attorney General, through the Department of Legal Affairs, initiated a civil suit which sought relief under section 895.05, Florida Statutes (1995).[1] Pursuant to a search warrant issued in the criminal proceedings, the Statewide Prosecution seized approximately twenty-seven boxes of documents and other tangible items from the premises of the Corporations in Lee County, Florida.[2] In addition to the Lee County documents, the Statewide Prosecution obtained, by other search warrants, documents and records from various other locations. Overall, the documents included corporate records, personal records, bank records, business and personal correspondence and tax records.
Subsequent to their acquittal of the criminal charges, the Corporations filed a motion requesting that the Statewide Prosecution return the seized property. The Statewide Prosecution contested the motion, arguing that the seized records were no longer in its custody because they had been turned over to the Office of the Attorney General, Department of Legal Affairs,[3] pursuant to a subpoena for use in *1190 the civil proceedings. The subpoena was issued pursuant to section 895.06, Florida Statutes, which authorizes the issuance of investigative subpoenas in civil proceedings seeking remedies for violation of the Florida RICO Act. See §§ 895.01.06, Fla. Stat. (1999). The Statewide Prosecution contended that the subpoena was necessary, despite the fact that the Department had access to the records during the criminal trial, because the documents were needed until the civil case is resolved. No evidence was presented at the hearing. After hearing arguments and reviewing the submitted pleadings, the trial court denied the Corporations' motion.

Jurisdiction To Hear This Appeal
The order appealed is a non-final order denying the Corporations' request for return of their seized property. This court treats such orders as interlocutory and appealable under Florida Rule of Appellate Procedure 9.130(a)(1)(C)(ii), which provides for appeals of non-final orders which determine the right to immediate possession of property. See Kern v. State, 706 So.2d 1366, 1368 (Fla. 5th DCA 1998) (quoting Lamar v. Universal Supply Co., 452 So.2d 627 (Fla. 5th DCA 1984), reversed on other grounds, 479 So.2d 109 (Fla.1985)). Other courts, however, treat these orders as final post-judgment orders, much like post-conviction appeals. See Calavenzo v. State, 695 So.2d 857 (Fla. 4th DCA 1997); Stone v. State, 630 So.2d 660 (Fla. 2d DCA 1994).
Under either view, we have jurisdiction in these proceedings. Thus we may proceed to resolve the issues presented on the merits.

Validity Of The Investigative Subpoena
Although the subpoena that is the subject of these proceedings was captioned as a subpoena duces tecum, it was issued as an investigative subpoena pursuant to section 895.06(2), which provides:
If, pursuant to the civil enforcement provisions of s. 895.05, an investigative agency has reason to believe that a person or other enterprise has engaged in, or is engaging in, activity in violation of this act, the investigative agency may administer oaths or affirmations, subpoena witnesses or material, and collect evidence.
§ 895.06(2), Fla. Stat. (1999). An investigative agency is defined as "the Department of Legal Affairs, the Office of Statewide Prosecution, or the office of a state attorney." § 895.06(1), Fla. Stat. (1999).
The Corporations argue that the subpoena is invalid because it was not issued in accordance with the Florida Rules of Civil Procedure. We find that a review of the legislative history of section 895.06(2) is necessary, as case law surrounding that sub-section provides little guidance in resolving this issue.
Prior to 1984, section 895.06(2) provided that the investigatory agency's collection of evidence was governed by the Florida Rules of Civil Procedure. Specifically, the subsection stated:
If ... the investigative agency has reason to believe that a person or other enterprise has engaged in ... activity in violation of this act, the investigative agency may ... subpoena witnesses or material, and collect evidence pursuant to the Florida Rules of Civil Procedure.

§ 895.06(2), Fla. Stat. (1983) (emphasis added). However, subsequent to 1983, the Legislature amended the statute and deleted the requirement that the investigation proceed pursuant to the Florida Rules of Civil Procedure. If the Legislature intended to require compliance with the Florida Rules of Civil Procedure, it could have easily made that a requirement when it amended the statute. We conclude, therefore, that the Legislature did not intend *1191 to require application of the Florida Rules of Civil Procedure to the issuance of investigative subpoenas under the current version of section 895.06. Thus, when an investigative subpoena is issued pursuant to this statute for legitimate investigative reasons, the Florida Rules of Civil Procedure do not apply. We next address whether the subpoena in the instant case was issued for investigative purposes.
An investigatory agency may seek an investigatory subpoena when it "has reason to believe that a person or other enterprise has engaged in, or is engaging in, activity in violation of this act...." § 895.06(2), Fla. Stat. (1999). In the instant case, since the civil action was filed concurrently with the criminal proceeding, it is evident that the civil action has been proceeding for quite some time. Furthermore, during the pendency of the criminal proceeding, the Department had access to the documents which are the subject of the subpoena. The Department did not need to investigate whether these materials existed, what they disclosed, or what impact they would have on the civil action because the Department possessed this knowledge long before the subpoena was issued. Under these particular facts and circumstances, we find that any investigatory need for these documents was satisfied long before the subpoena in the instant case was issued. Thus the Department was not, under the facts and circumstances of this case, an investigative agency when it issued its subpoena and compliance with the Florida Rules of Civil Procedure was necessary in order for it to take possession of the Corporations' documents. Furthermore, even if the subpoena was issued for legitimate investigative purposes, to allow the Department to use it to obtain possession of property that is in the custody of the criminal trial court would impermissibly circumvent the trial court's jurisdiction.
A trial court that has jurisdiction over criminal charges brought against an individual is vested with inherent authority over property held in custodia legis. Property is held in custodia legis when it is obtained for use as evidence in the criminal proceeding. See, e.g., Helmy v. Swigert, 662 So.2d 395 (Fla. 5th DCA 1995). This inherent authority extends to property seized from the accused as well as others and it vests in the trial court the inherent power to assist the true owner in the recovery of his property. See Oleandi v. State, 731 So.2d 4, 6 (Fla. 4th DCA 1999) ("Once a criminal prosecution is instituted, the court in which that prosecution is pending acquires jurisdiction over that property to hear and determine all questions concerning its ownership if the property seized has an evidentiary purpose."); Kern; Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993). This inherent authority to direct return of seized property continues beyond the termination of the criminal prosecution. See Oleandi; Kern (concluding that subsequent to defendant's acquittal of the criminal charges, the trial court retained the authority to direct return of seized property); Helmy (holding that the trial court is obligated to exercise its authority to resolve the issue whether the defendant was entitled to return of seized property after the criminal charges were dismissed); Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991).
The trial court that has jurisdiction over the criminal proceedings has priority jurisdiction over other courts to determine whether property seized for use in the criminal proceedings is to be retained or returned to the owner. See Sawyer v. Gable, 400 So.2d 992, 995 (Fla. 3d DCA 1981) (concluding that the criminal trial court's priority jurisdiction "turns on the fact that the warrant and property, by *1192 virtue of the filing of criminal charges, have initially come within the jurisdiction of the respondent judge, which jurisdiction is not to be intruded upon by any court, though of concurrent jurisdiction."). If circuit courts with concurrent jurisdiction may not seize property held in custodia legis through issuance of a subpoena, surely the Department may not. Therefore, once a motion for return of property is filed, the trial court with jurisdiction over the criminal proceedings is laden with the responsibility to determine whether a proper basis exists to return the property to the owner. This determination requires notice to the owner of the property and a hearing where all interested parties are given an opportunity to present evidence and argument to the trial court. Oleandi; Kern; Brown; Helmy; Coon.
The trial court may find that a proper basis does not exist to return seized property if, for example, it was admitted into evidence in the criminal proceeding and the time for direct appeal has not expired; post-conviction proceedings are anticipated where the evidence may be needed; the state intends and is able to pursue forfeiture against the property; the property is needed in other criminal proceedings; or if the motion is untimely because the property is considered unclaimed evidence or property seized in a lawful investigation that has vested permanently in a law enforcement agency pursuant to section 705.105, Florida Statutes (1999). See McKeever v. State, 764 So.2d 688, 689 (Fla. 1st DCA 2000) ("Once direct appeal concludesor, as here, time for taking a direct appeal has runthe trial court cannot rely on the state's unsupported assertion that it needs to retain private property."); Oleandi; Kern; Stevenson v. State, 688 So.2d 962 (Fla. 5th DCA 1997); McCants v. State, 671 So.2d 221 (Fla. 1st DCA 1996); Helmy; Stone v. State, 630 So.2d 660 (Fla. 2d DCA 1994).
Moreover, specific statutory provisions may constitute the basis for refusal to return certain types of property. See, e.g., McKinnon v. State, 752 So.2d 134, 135 (Fla. 2d DCA 2000) ("On remand the court shall determine whether or not the property at issue was `unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency'") (citing section 705.105, Florida Statutes (1999)); Almanza v. State, 711 So.2d 253, 255 (Fla. 4th DCA 1998) ("This is not a case where forfeiture of the firearm was included as a condition of the plea, nor has the state commenced a forfeiture proceeding under the Florida Contraband Forfeiture Act, §§ 932.701-932.707, Florida Statutes (1995), or any other statute. Section 790.08(2) does not apply. The state has not pointed us to any other statute that would control."); see also Kern.

Conclusion
We conclude that the trial court erred in holding that issuance of the subpoena prevented return of the property to the Corporations. We, therefore, reverse the order under review and remand this case to the trial court for further proceedings consistent with this opinion to determine whether possession of the property should be retained or returned to the Corporations.
REVERSED and REMANDED.
THOMPSON, C.J., and HARRIS, J., concur.
NOTES
[1] See Bradenton Group, Inc. v. Department of Legal Affairs, 701 So.2d 1170 (Fla. 5th DCA), approved in part, quashed in part, Department of Legal Affairs v. Bradenton Group, Inc., 727 So.2d 199 (Fla.1998).
[2] In issuing the search warrant, the circuit court in Lee County found probable cause that there had been violations of sections 895.03(3) and (4), Florida Statutes (1995), which are designated as the Florida RICO laws, and sections 849.01 and 849.09, Florida Statues (1995).
[3] For brevity, we will refer to the Office of the Attorney General, Department of Legal Affairs as "the Department."