922 So.2d 1024 (2006)
James SCOTT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3867.
District Court of Appeal of Florida, Fifth District.
February 17, 2006.
Rehearing Denied March 17, 2006.
James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
*1025 Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
James Scott, Jr. appeals his conviction, sentence, an order granting the State's motion for protective order, and the denial of his motions for return of property. We affirm his conviction and sentence, but reverse and remand for an evidentiary hearing.
Scott was convicted of aggravated fleeing and eluding and resisting an officer without violence. He was shot during the arrest and taken to a hospital for treatment. He claimed that paramedics removed three rings, three earrings, two necklaces, and a charm from Scott and gave the property to the Palm Bay Police Department ("PBPD").
In June 2004, Scott moved for return of property. He identified the items, indicated they were not being used as evidence, and claimed that PBPD was retaining the property against his wishes. The court heard this motion on 18 August 2004.
At the hearing, Scott testified about his arrest. He was told that the paramedics took his personal property and gave it to the PBPD. He alleged the jewelry was his personal property, was not the fruit of any criminal activity, was not used as evidence in any case against him, and was taken while he was laying on the ground before going to the hospital. The attorney for the State said that his secretary was told by the PBPD evidence section that they did not have the property or a receipt for it. The court stated: "I just don't know a way to make Palm Bay give something back that they say they don't have. There may be some civil remedies that you can pursue. But at this point I don't see any remedy that I can pursue." The court entered minutes indicating that there was "no action taken."
On 27 August 2004, Scott filed a substantially similar motion for return of property, this time alleging that the Florida Department of Law Enforcement ("FDLE") had the property. At this hearing, an attorney for the State asserted that the FDLE stated it did not have the property or property receipts indicating that the property was ever obtained. Scott testified that he had never released the property and, therefore, never got a receipt. The court ruled:
[T]his is really a civil matter at this point. . . . This was a criminal situation, and whoever the police or law enforcement, or whoever, somebody has your property. You believe you don't have it, they do.
I can't resolve it because it's something that . . . law enforcement is saying they don't have it, . . . Palm Bay doesn't have it, FDLE says they don't have it. I don't know if they do, or don't. I've just got representations that they don't.
If you feel that one of these entities has your property, you're going to have to bring them into civil court. . . . This is one of these matters where the people say, Oh, you can do anything you want to, Judge. . . . But, I can't order something that I don't have jurisdiction over at this point.
Scott attempted to subpoena the paramedics who took him to the hospital. On 24 September 2004, the State moved for a protective order to prevent Scott from deposing the paramedics, alleging that they did not possess information relevant to the offenses charged and that the discovery rules prevented Scott from unnecessarily inconveniencing or harassing witnesses.
At the hearing on this motion, the State argued that Scott needed to file a civil suit *1026 to acquire his property. Scott's counsel indicated that the paramedics in question refused to talk to defense's investigator without a subpoena. The court granted the State's motion:
I'm getting every representation from the State. They checked. They looked. No one has it. I don't mean that everyone is telling the truth.
I don't want this Court to be an investigatory arm. It's either to be taken up through a civil matter or Mr. Scott needs to go to the State Attorney's office, figuratively, and, you know, ask for an investigation....
[T]he issue of his property is settled, as far as this Court's concerned.
The State has represented they can't find the property. I don't know whether the people the State's talking to are being truthful or untruthful.
There's an investigation. Mr. Scott needs to get it through a criminal investigation and/or a civil suit. I'm going to grant the State's motion for protective order.
On 16 November 2004, Scott filed a notice of appeal that challenged his judgment and sentence, the denial of motions for new trial and JOA, the order quashing Scott's subpoena, and the denial of Scott's motion for return of property.
We affirm without further comment Scott's conviction and sentence. See Sims v. State, 753 So.2d 66, 71 (Fla.2000); Huck v. State, 881 So.2d 1137, 1144 (Fla. 5th DCA 2004); McDonald v. State, 703 So.2d 1220, 1221 (Fla. 5th DCA 1998). However, we reverse the order granting the State's motion for protective order and direct the trial court to conduct an evidentiary hearing in accordance with this opinion. See Oleandi v. State, 731 So.2d 4, 5 (Fla. 4th DCA 1999); see also Eight Hundred, Inc. v. State, 781 So.2d 1187, 1190 (Fla. 5th DCA 2001) (Eight Hundred I); Kern v. State, 706 So.2d 1366, 1368 (Fla. 5th DCA 1998); Helmy v. Swigert, 662 So.2d 395, 396 (Fla. 5th DCA 1995); Bolden v. State, 875 So.2d 780, 782 (Fla. 2d DCA 2004).
A trial court presiding over criminal charges possesses inherent authority over property held in custodia legis. Eight Hundred I, 781 So.2d at 1191. This authority extends to property seized from the defendant and vests in the court the power to assist the owner in the recovery of his property. Eight Hundred, Inc. v. State, 895 So.2d 1185, 1186 (Fla. 5th DCA 2005) (Eight Hundred II); Eight Hundred I, 781 So.2d at 1191. This authority continues beyond the close of the criminal prosecution. Eight Hundred I, 781 So.2d at 1191. Once Scott filed a motion for return of property, the trial court was laden with the responsibility to determine whether a proper basis existed to return property to him. See Eight Hundred I, 781 So.2d at 1192; see also Pondella Hall for Hire, Inc. v. Croft, 844 So.2d 696, 697 (Fla. 5th DCA 2003). At this juncture, Scott was not required to commence a separate civil action for replevin or conversion. Helmy, 662 So.2d at 396; Butler v. State, 613 So.2d 1348, 1349 (Fla. 2d DCA 1993). A facially sufficient motion for return of property: (1) alleges that the property is the movant's personal property; (2) alleges that the property was not the fruit of criminal activity; (3) alleges that the property was not being held as evidence; and (4) specifically identifies the property. Eight Hundred II, 895 So.2d at 1186; Bolden, 875 So.2d at 782. Scott's motion was sufficient after the first hearing, which clarified that his property was not the fruit of criminal activity.
The trial court was obligated to provide Scott a full evidentiary hearing. Eight Hundred I, 781 So.2d at 1192; Helmy, *1027 662 So.2d at 397. The requirement for an evidentiary hearing was not satisfied by the court's reliance on state attorneys' statements that law enforcement did not have Scott's property; it is well-settled that "[r]epresentations by an attorney for one of the parties regarding the facts . . . do[es] not constitute evidence." Eight Hundred, Inc. v. Fla. Dep't of Revenue, 837 So.2d 574, 576 (Fla. 1st DCA 2003). The trial court may not merely rely on the State's unproven assertions that people had unsuccessfully looked for Scott's property.
On remand, the trial court must conduct an evidentiary hearing to determine whether the State actually seized the property, whether it still possesses it, and, if so, whether the State has a valid basis for retaining the property. Helmy, 662 So.2d at 397. After the evidentiary hearing, if the court determines that there is property to which Scott is entitled, but which is no longer in the possession of a law enforcement agency, Scott will need to pursue a separate civil action against the agency that had possession. See Bolden, 875 So.2d at 783 n. 5; Oleandi, 731 So.2d at 5; Stone v. State, 630 So.2d 660, 661 (Fla. 2d DCA 1994); Butler, 613 So.2d at 1350; Brown v. State, 613 So.2d 569, 570 (Fla. 2d DCA 1993).
We AFFIRM Scott's conviction and sentence. However, we REVERSE and REMAND for an evidentiary hearing on Scott's motions for return of property.
PALMER and LAWSON, JJ., concur.