929 So.2d 1197 (2006)
Daniel STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-529.
District Court of Appeal of Florida, Second District.
June 9, 2006.
NORTHCUTT, Judge.
Daniel Stevens appeals the summary denial of his motion seeking the return of *1198 property allegedly seized from his residence. We reverse and remand for further proceedings.
On July 5, 2005, in circuit court case 01-CF-002023, Stevens filed a motion seeking the return of a Packard Bell computer, model A-950-TWR, serial # P089033110, that Hillsborough County sheriff's deputies seized when searching his residence pursuant to his wife's signed consent. The circuit court summarily denied Stevens' motion as untimely.
A trial court's jurisdiction over a criminal proceeding includes inherent authority over property seized or obtained in connection with the proceeding and thus held in custodia legis. White v. State, 926 So.2d 473 (Fla. 2d DCA 2006); see also Eight Hundred, Inc. v. State, 781 So.2d 1187, 1191-92 (Fla. 5th DCA 2001). This authority continues beyond the termination of the prosecution, thus enabling the court to direct the return of the property to its rightful owner. Id. However, section 705.105(1), Florida Statutes (2004), provides that title to unclaimed evidence or personal property that was lawfully seized pursuant to a lawful investigation and that is in the custody of the court or clerk as part of a criminal proceeding, or seized as evidence by and in the custody of a law enforcement agency, vests permanently in the law enforcement agency sixty days after the proceeding is concluded.
When denying Stevens' motion, the circuit court attached to its order the August 17, 2001, judgment and sentence and April 10, 2003, amended sentence in circuit court case 01-CF-005068, the Hillsborough County Sheriff's Office waivers/affidavits, and the Hillsborough County Sheriff's Office property receipt. The court determined that on February 26, 2001, the computer was seized during the deputies' search of Stevens' home. But the court concluded that Stevens' motion was untimely under section 705.105 because his criminal proceeding ended on April 10, 2003, when his original sentence was amended.
A review of the Hillsborough County Sheriff's Office property receipt reflects that, indeed, the computer was seized as evidence on February 26, 2001. Therefore, the circuit court correctly concluded that the computer was seized as evidence. However, the August 17, 2001, judgment and sentence and April 10, 2003, amended sentence entered in circuit court case 01-CF-005068 and referenced in the circuit court's order to support its finding that Stevens' motion was untimely do not refute Stevens' claim that the computer was seized in circuit court case 01-CF-002023. The court failed to attach any records pertaining to the latter case. Therefore, the attachments to the order do not conclusively refute Stevens' claim.
If, on remand, the circuit court again summarily denies Stevens' motion, it must attach portions of the record demonstrating that the motion was untimely. Otherwise, the court must entertain the motion on its merits. See Cloud v. State, 801 So.2d 964 (Fla. 2d DCA 2001); Hughes v. State, 768 So.2d 512 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings.
STRINGER and SILBERMAN, JJ., Concur.