944 So.2d 538 (2006)
David L. JUSTICE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2816.
District Court of Appeal of Florida, Second District.
December 22, 2006.
*539 CASANUEVA, Judge.
David L. Justice appeals the summary denial of his motion for return of property, motion for continuance of his motion for return of property, and demand for discovery filed in circuit court case number CF03-007441-XX. We affirm without comment the circuit court's summary denial of Justice's motion for continuance of his motion for return of property and the demand for discovery. We reverse the summary denial of the motion for return of property and remand for further proceedings consistent with this opinion.
In his motion for return of property, Justice states that the Polk County Sheriff's Office initiated an investigation at the Day's Inn in Winter Haven on or about September 10, 2003, and, as a result, seized a home computer, printers, digital cameras, a digital camcorder, a man's watch, and other personal property. Subsequently, on February 17, 2004, Justice was arrested. His motion alleges that the State never entered the seized items into evidence or initiated any forfeiture proceedings for the property. The State nolle prossed the charges on January 26, 2006. Justice therefore requests that the circuit court order the return of the property and release it to his father.
"A trial court's jurisdiction over a criminal proceeding includes inherent authority over property seized or obtained in connection with the proceeding and thus held in custodia legis." Stevens v. State, 929 So.2d 1197, 1198 (Fla. 2d DCA 2006) (citing White v. State, 926 So.2d 473 (Fla. 2d DCA 2006); Eight Hundred, Inc. v. State, 781 So.2d 1187, 1191-92 (Fla. 5th DCA 2001) (Eight Hundred I)). "This authority continues beyond the termination of the prosecution, thus enabling the court to direct the return of the property to its rightful owner." Id. A facially sufficient motion for return of property must specifically identify the property and allege that it is the movant's personal property, that the property is not the fruit of criminal activity, and that the property is not being held as evidence. See Scott v. State, 922 So.2d 1024, 1026 (Fla. 5th DCA 2006) (citing Bolden v. State, 875 So.2d 780, 782 (Fla. 2d DCA 2004); Eight Hundred, Inc. v. State, 895 So.2d 1185, 1186 (Fla. 5th DCA 2005) (Eight Hundred II)).
The circuit court could have concluded that Justice's motion was facially insufficient on the ground that it did not specifically identify the property at issue or specifically allege that the property at issue was Justice's personal property. See Bolden, 875 So.2d at 783. However, the *540 circuit court denied Justice's motion based on the Polk County Sheriff's Office response to Justice's motion. In its response, the Polk County Sheriff's Office attached a property and evidence receipt that refers to incident number XXXX-XXXXXX. The Polk County Sheriff's Office asserts that incident number XXXX-XXXXXX corresponds to Justice's criminal case number CF03-007441-XX and that none of the items requested by Justice in his motion match the items referenced in incident number XXXX-XXXXXX. A review of the Polk County Sheriff's Office property and evidence receipt does not indicate when the Polk County Sheriff's Office acquired the property referenced in incident number XXXX-XXXXXX, which does not match the items listed in Justice's motion, nor does it specifically describe the circuit court case number to which incident number XXXX-XXXXXX corresponds. Nevertheless, it appears that the circuit court summarily denied Justice's motion based on the Polk County Sheriff Office's assertion that it does not have any of Justice's property.
If Justice's allegations are deemed to be sufficient, the circuit court was obligated to provide Justice a full evidentiary hearing to determine whether the property at issue is in the custody of the Polk County Sheriff's Office and should be returned to Justice. See Scott, 922 So.2d at 1026-27 (citing Eight Hundred I, 781 So.2d at 1192; Helmy v. Swigert, 662 So.2d 395, 397 (Fla. 5th DCA 1995)). The requirement for an evidentiary hearing was not obviated nor satisfied by the circuit court's reliance on the Polk County Sheriff's Office property and evidence receipt. "Representations by an attorney for one of the parties regarding the facts . . . do not constitute evidence." Eight Hundred, Inc. v. Fla. Dep't. of Revenue, 837 So.2d 574, 576 (Fla. 1st DCA 2003) (quoted in Scott, 922 So.2d at 1027).
We remain concerned about the facial sufficiency of Justice's motion because he fails to specifically allege that the property seized was his personal property and to specifically identify the property he requests be returned. Unless he can remedy those inadequacies, he may lack standing to recover the requested property. On remand, if the circuit court determines that Justice's motion is facially sufficient, it shall hold an evidentiary hearing. See Scott, 922 So.2d at 1027; Coon v. State, 585 So.2d 1079, 1081 (Fla. 1st DCA 1991). However, if the circuit court determines that Justice's motion is facially insufficient based on the deficiencies we have noted or for any other reason, it shall identify those deficiencies and grant him leave to amend his motion within a reasonable time.
Reversed and remanded.
SILBERMAN and CANADY, JJ., Concur.