PER CURIAM.
Dismuke filed a writ of replevin seeking the return of three items of jewelry allegedly taken from him after his arrest on violation of probation charges. The trial court treated Dismuke’s writ of replevin as a motion for return of property. The trial court properly dismissed Dismuke’s motion because of its failure to allege that the jewelry was not the fruit of *1040 criminal activity. Scott v. State, 922 So.2d 1024, 1026 (Fla. 5th DCA 2006).
We find this order is an appealable interlocutory order because it determined the right to immediate possession of property. Fla. R.App. P. 9.130(a)(3)(C)(ii); see also Eight Hundred, Inc. v. State, 781 So.2d 1187 (Fla. 5th DCA 2001). The trial court’s dismissal of Dismuke’s motion was without prejudice. Therefore, we affirm the trial court’s decision. Such affirmance is without prejudice to Dismuke filing an amended motion in the circuit court.
AFFIRMED.
PLEUS, C.J., SAWAYA and EVANDER, JJ., concur.