991 So.2d 421 (2008)
Anthony Derrick DANIEL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-87.
District Court of Appeal of Florida, Fifth District.
September 26, 2008.
*422 James S. Purdy, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Anthony Derrick Daniel, appeals the order of the trial court denying his motion to recover $586.00 confiscated from him by the Brooksville Police Department upon his arrest. The Police Department refused to return the money to Mr. Daniel because it claimed to have entered into a valid contract with him whereby it would retain the money in exchange for its agreement not to seek forfeiture of a car that had also been confiscated from him. Mr. Daniel asserted that the agreement was coerced and invalid. Because the trial court declined to resolve whether the agreement was coerced, we reverse.
Mr. Daniel was charged with two drug related charges, as well as felony fleeing or attempting to elude, and resisting law enforcement without violence. He moved to suppress the drugs and money seized at the time of his arrest, asserting that they were taken from him during an unlawful stop and search. After the trial court granted the motion to suppress, the State announced a nolle prosequi of the charges.
The trial court initially ordered that the money taken from Mr. Daniel at the time of his arrest be returned to him. When Mr. Daniel unsuccessfully attempted to recover the $586.00 from the Brooksville Police Department, his defense counsel moved the court to enforce its order that the money be returned. The trial court denied the motion, however, after learning from the attorney for the Police Department *423 that Mr. Daniel had signed a document turning over the $586.00 to it.
During the hearing to enforce the trial court's order directing the Police Department to return the money in question to him, Mr. Daniel's defense counsel related to the court that when his client went to the Police Department to retrieve the money, the police refused to return it. The Police Department took the position that Mr. Daniel had forfeited his claim to the $586.00 in exchange for an agreement that the police would not commence a formal forfeiture proceeding against a vehicle that had also been seized in connection with the incident associated with his arrest. Defense counsel advised the court that he had not received a copy of the document until after Mr. Daniel went to the police to retrieve his money. Alluding to the forfeiture procedures[1] outlined in Florida Statutes, the defense claimed that there was no legal authority for the Police Department to do what it had done. Mr. Daniel acknowledged signing the document forfeiting the $586.00, but asserted that it was not signed voluntarily. His attorney argued that the criminal court did not lose jurisdiction to return property to the defendant once the case was dismissed, and asked for a hearing to obtain a determination regarding the voluntariness of the contract.
The trial court noted that although it had issued the order requiring the money to be returned to Mr. Daniel, it had done so before it was made aware that the property had already been voluntarily conveyed to the Police Department. The court reasoned that the conveyance document was a contract between Mr. Daniel and the police, and whether or not it was signed voluntarily by Mr. Daniel was for a civil court to decide. The court then held that Mr. Daniel had to file a complaint in civil court seeking the return of the property in order to contest the validity of the agreement. It explained that if an individual can waive his constitutional and statutory rights voluntarily, then he can waive a formal forfeiture proceeding. As the court concluded that the issue was civil in nature and not part of the criminal proceeding at hand, it determined not to conduct a hearing on voluntariness. Mr. Daniel filed this appeal, essentially seeking a hearing.
A trial court's jurisdiction over a criminal proceeding includes the inherent authority over property seized or obtained in connection with the proceeding, and thus held by it in custodia legis. Stevens v. State, 929 So.2d 1197, 1198 (Fla. 2d DCA 2006) (citing White v. State, 926 So.2d 473 (Fla. 2d DCA 2006), and Eight Hundred, Inc. v. State, 781 So.2d 1187, 1191-92 (Fla. 5th DCA 2001)). Property is held in custodia legis when, among other things, it is obtained by law enforcement for use as evidence in criminal proceedings. Eight Hundred, 781 So.2d at 1190-91. "This authority continues beyond the termination of the prosecution, thus enabling the court to direct the return of the property to its rightful owner." Stevens, 929 So.2d at 1198. Accordingly, a trial court that has jurisdiction over criminal proceedings has priority jurisdiction over other courts to determine whether property seized for use in the criminal proceedings is to be retained or returned to the owner. Eight Hundred, 781 So.2d at 1190-91. In fact, our Supreme Court has held in a somewhat different context that to allow parties to file civil claims on evidence held in custodia legis "would seriously conflict with and hamper criminal processes if evidence or contraband seized for criminal trials or purposes could be made the subject of recovery proceedings in the civil *424 courts through procedures bypassing the criminal courts." Garmire v. Red Lake, 265 So.2d 2, 4-5 (Fla.1972).
It is quite clear in the present case that the money in question would have been used as evidence against Mr. Daniel on the drug charges had the State elected to pursue them. Thus, the money was in custodia legis and the criminal court had the inherent authority to order the return of it. Stevens; Eight Hundred. Although in the present case the State acknowledges that a trial court presiding over criminal charges has the inherent authority beyond the close of the criminal prosecution to compel the return to the rightful owner of any property seized from a criminal defendant, it contends that the trial court here no longer retained any authority over the money seized once Mr. Daniel transferred ownership of it by signing the release to the Police Department. That posture might ultimately prove to be correct. It is, however, prematurely argued in the context of the present case.
We have little doubt that a forfeiture contract may indeed remove property from the jurisdiction of a criminal court, but only if the contract itself is valid. Here, the voluntariness of the contract has been disputed by Mr. Daniel. Because the forfeiture contract governs the ownership of the property seized by the Police Department in connection with the arrest of Mr. Daniel, the criminal court not only has the authority as part of its criminal law function, but also the duty to conduct an evidentiary hearing to resolve the factual dispute concerning the voluntariness of the contract. See Helmy v. Swigert, 662 So.2d 395 (Fla. 5th DCA 1995) (explaining that the trial court is obligated to exercise its jurisdiction in order to determine whether property was in fact seized by the State, and whether there exists a valid basis to retain the property); see also Oleandi v. State, 731 So.2d 4 (Fla. 4th DCA 1999) (directing the trial court to conduct an evidentiary hearing to determine if Oleandi's property confiscated in a burglary investigation, but not used in the charging affidavit, was properly retained). If the trial court finds that the contract was voluntarily entered into by Mr. Daniel, then the State may have a valid claim to the property, and it may proceed accordingly. See Helmy. If, however, the court finds that Mr. Daniel signed the forfeiture contract involuntarily, then it must order the Police Department either to return the money to Mr. Daniel, or proceed with formal forfeiture proceedings. Kern v. State, 706 So.2d 1366 (Fla. 5th DCA 1998).
It is not enough to say that a contract is a civil matter and that the present case must be resolved in a civil court. We acknowledge that a circuit court dealing with civil matters may have concurrent jurisdiction to decide the present issue. As we have earlier related, however, the "trial court that has jurisdiction over the criminal proceedings has priority jurisdiction over other courts to determine whether property seized for use in the criminal proceedings is to be retained or returned to the owner." Eight Hundred, 781 So.2d at 1190-91 (citing Sawyer v. Gable, 400 So.2d 992, 995 (Fla. 3d DCA 1981)). Once Mr. Daniel moved to have the seized money returned to him, the trial court having jurisdiction over the criminal proceedings "is laden with the responsibility to determine whether a proper basis exists to return the property to the owner." Eight Hundred, 781 So.2d at 1192. Both Mr. Daniel and the State must be given the opportunity to present evidence and argument on this issue to the trial court. See Eight Hundred; Oleandi; Kern; Helmy.
Accordingly we reverse and remand for the trial court to conduct an evidentiary *425 hearing on the motion to enforce filed by Mr. Daniel.
REVERSED and REMANDED with INSTRUCTIONS.
SAWAYA, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, J., dissenting.
I recognize that the conclusion reached by the majority is a practical one and there may be several policy reasons why it is the best solution, but I think there was some sense to the trial court's conclusion that the question whether Mr. Daniel had entered into a valid contract with the Brooksville Police Department was not a matter for the criminal court to determine.
We know that after the State nol prossed the charges against Mr. Daniel, he filed a motion requesting the Brooksville Police Department to return the cash that had been seized from him, representing to the court that the State asserted no claim to the property in light of the dismissal of the charges. Consistent with that representation, the trial court entered an order that the money be returned to Mr. Daniel. When the police department refused to do so, based on its agreement with Mr. Daniel, Mr. Daniel, through counsel, sought to have the trial court enter an order enforcing its earlier order. At the hearing on this defense motion, all parties agreed, and so advised the court, that Mr. Daniel had, indeed, executed a document turning over his cash to the Brooksville Police Department and that the consideration for this relinquishment of the cash was the agreement of the Brooksville Police not to seek a forfeiture of his vehicle. This agreement was apparently executed after his arrest, but before the charges were nol prossed. Mr. Daniel does not dispute that he entered into this agreement; rather, he contends non-specifically that it was "coerced."
When the trial court was made aware that there was no dispute that this agreement had been entered into, only a dispute about whether the agreement was enforceable by the Brooksville Police Department, he concluded that this was a matter for the civil courts, not the criminal court. The trial court said that if Mr. Daniel wished to undo the contract he admitted he made with the City of Brooksville Police Department, he would have to do it in small claims court. In effect, the trial court concluded that, because of the existence of the undisputed agreement entered into between Mr. Daniel and the Police Department prior to the case being nol prossed, the property was no longer in custodia legis.
Suppose that instead of the agreement having been made with the Brooksville Police Department, Mr. Daniel had entered into an agreement with his cousin Vinny to release his cash to cousin Vinny in exchange for cousin Vinny feeding his cat while he was incarcerated. If the State later nol prossed the charges and both cousin Vinny and Mr. Daniel claimed the money, would we expect the criminal court to determine whether Mr. Daniel's contract with his cousin Vinny had been coerced and therefore was not enforceable? Would it be the criminal court that determined which of the two claimants, Mr. Daniel or Vinny, was entitled to the money? I suggest not. Here, the only difference is that the other claimant originally took control of the funds based on Mr. Daniel's arrest. It is not, however, the basis of their claim of right.
NOTES
[1] §§ 932.701-707, Fla. Stat. (2006).