KELLY, Judge.
 

 Earl Richard West challenges the trial court’s denial of his motion to return seized property. Because the postconviction court erred in relying solely on the representations of the attorney for the sheriffs office in denying the motion, we reverse and remand for further proceedings.
 

 West filed a motion in case number CRC06-09903CFANO seeking the return of a 14kt gold chain and a gold panda coin medallion seized as evidence by the sheriffs department upon his arrival at the Pinellas County Jail in June 2005. He alleged that the items are his personal property, they are not the fruit of criminal activity, and they were seized as evidence “concerning unrelated charges in 2005.” He was later charged with grand theft of the items in CFC06-09903CFANO. He claimed that he was never officially notified of the resolution of that case and only recently learned that the case had been nolle prossed in January 2007.
 

 The Pinellas County Sheriffs Office responded that it was not in possession of the property. An associate general counsel explained that the property was seized from West when he was arrested in 2005. In September 2006, the property was transferred to the clerk of court, and West was found guilty of attempted armed robbery and sentenced to forty years in prison. In February 2007, the circuit court granted the State’s motion in case no. CRC05-11404CFANO to return the property to its rightful owner and to substitute a photograph of the property in evidence. The trial court then denied West’s motion, stating that “[t]he Pinellas County Sheriffs Office has responded that it is not in possession of the property in question.”
 

 A facially sufficient motion for return of property must specifically identify the property and allege that it is the mov-ant’s personal property, that it is not the fruit of criminal activity, and that it is not being held as evidence.
 
 Justice v. State,
 
 944 So.2d 538, 539 (Fla. 2d DCA 2006). If the allegations are deemed sufficient, the court is obliged to provide an evidentiary hearing to determine whether the property is in the custody of the sheriffs office and should be returned to the movant.
 
 Id.
 

 The postconviction court erred in basing its denial of the motion on the factual representations of an attorney for the sheriffs department.
 
 See Justice,
 
 944 So.2d at 540 (“ ‘Representations by an attorney for one of the parties regarding the facts ... do not constitute evidence.’ ” (quoting
 
 Eight Hundred, Inc. v. Fla. Dep’t of Revenue,
 
 837 So.2d 574, 576 (Fla. 1st DCA 2003))). We therefore reverse and remand for the postconviction court to reconsider the motion.
 

 Reversed and remanded.
 

 WALLACE and LaROSE, JJ., concur.