PER CURIAM.
 

 Appellant, Larry Campbell, challenges a final order of the criminal court returning currency that was seized from Appellee, Alston A. Chin, after his arrest for drug charges. Contrary to Appellant’s argument, the trial court had subject matter jurisdiction to rule on the motion, even though Appellant contended the currency was seized pursuant to the Florida Contraband Forfeiture Act, because trial courts have inherent authority over property held in
 
 custodia legis. Daniel v. State,
 
 991 So.2d 421, 423 (Fla. 5th DCA 2008) (holding that “[A] trial court that has jurisdiction over criminal proceedings has priority jurisdiction over other courts to determine whether property seized for use in criminal proceedings is to be retained or returned to the owner.”) Moreover, the trial court properly determined that the currency was not seized pursuant to the Forfei
 
 *476
 
 ture Act because the release signed by Appellant purporting to transfer all interest in the property to the Leon County Sheriffs Department failed to contain a written waiver of Appellee’s right to have the agreement reviewed by the court, a mediator, or an arbitrator. § 923.704(7), Fla. Stat. (2009). We, therefore, affirm the order of the trial court returning the currency to Appellee.
 

 AFFIRMED.
 

 DAVIS, VAN NORTWICK, and PADOVANO, JJ., concur.