PER CURIAM.
Appellant, Robertus F. Ooms, appeals an order summarily denying his motion for return of property. The State properly concedes that because the motion was facially sufficient, the trial court was required to either conclusively refute Appellant’s claim or hold an evidentiary hearing. See Wilson v. State, 121 So.3d 1175, 1175 (Fla. 1st DCA 2013) (reversing and remanding the order summarily denying the appellant’s motion to return property and reasoning that “[b]ecause the motion was facially sufficient, the trial court was required to either conclusively refute the allegations or hold an evidentiary hearing”); Dawson v. State, 104 So.3d 1290, 1291 (Fla. 2d DCA 2013) (reversing and remanding the summary denial of the appellant’s motion for return of property because the trial court erred by failing to attach portions of the record that conclusively refuted her claim); West v. State, 35 So.3d 175, 176 (Fla. 2d DCA 2010) (reversing and remanding the summary denial of the appellant’s motion to return seized property because “[t]he postconviction court erred in basing its denial of the motion on the factual representations of an attorney for the sheriffs department”). Accordingly, we reverse the order denying Appellant’s motion for return of property and remand the case to the trial court with directions to either attach portions of the record that conclusively refute Appellant’s claim or hold an evidentiary hearing.
REVERSED and REMANDED with directions.
LEWIS, C.J., THOMAS and OSTERHAUS, JJ., concur.