688 So.2d 962 (1997)
Charley STEVENSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-753.
District Court of Appeal of Florida, Fifth District.
February 21, 1997.
Charley John Stevenson, Clermont, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Charlie Stevenson appeals the trial court's order denying his petition for the return of cash taken from him at the time of his arrest. We reverse because there is no legal basis to support the ruling.
In November 1990, the Orange County sheriff's office arrested Mr. Stevenson for violating his probation. The trial court revoked Stevenson's probation and sentenced him to a term in prison. While serving his sentence, Stevenson petitioned the trial court for the return of cash he said was taken from him at the time of his arrest. He alleged that he had not been given a receipt for the money, the money had not been placed in his inmate account, and the state had not initiated forfeiture proceedings. Stevenson further alleged that the cash had not been used as evidence against him and it had not been taken during the course of a criminal investigation.
The state responded by urging the trial court to deny the petition because it was untimely. To support this argument, the state relied upon section 705.105, Florida *963 Statutes (1995), which provides, in pertinent part:
705.105. Procedure regarding unclaimed evidence.
(1) Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding.
Relying on this statute, the trial court denied Stevenson's petition as being untimely because it had not been filed within sixty days of sentencing. Stevenson appeals this ruling.
Section 705.105 applies when the state has a legitimate interest in property it has seized. Here, there is no indication that the state ever had an interest in the Stevenson's property. The record before us fails to demonstrate that the sheriff's department seized or held the cash as evidence or that the property was seized pursuant to an investigation and was in the custody of the court clerk. The state offers no explanation as to how the cash was relevant to the violation of probation charge, and the trial court made no finding in this regard. Accordingly, since the property was not seized as evidence or during a lawful criminal investigation, section 705.105 does not apply. A contrary ruling would allow the state to maintain possession of a defendant's property held for safekeeping during the defendant's incarceration merely because a request for its return was not timely made.
REVERSED and REMANDED for further proceeding.
PETERSON, C.J., and THOMPSON, J., concur.