890 So.2d 566 (2005)
Tyrone BURDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3551.
District Court of Appeal of Florida, Second District.
January 14, 2005.
*567 WALLACE, Judge.
Tyrone Burden appeals the summary denial of his motion for return of property. We reverse and remand for further proceedings.
Burden's motion requests the return of money allegedly confiscated and withheld following his arrest. The trial court treated Burden's motion as a motion for return of property pursuant to section 705.105, Florida Statutes (2004). Section 705.105 provides that title to unclaimed evidence or unclaimed tangible personal property lawfully seized vests permanently in the law enforcement agency if not claimed within sixty days after the conclusion of the proceeding. Attaching the judgment and sentencing record, the trial court summarily dismissed Burden's motion as untimely.
When summarily denying a motion for return of property pursuant to the sixty-day time bar, the trial court must attach those portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence. See Cloud v. State, 801 So.2d 964, 964 (Fla. 2d DCA 2001); McKinnon v. State, 752 So.2d 134, 135 (Fla. 2d DCA 2000). The trial court made no finding as to the relevance of the money to Burden's charges or that the State had an interest in Burden's property. See Stevenson v. State, 688 So.2d 962, 963 (Fla. 5th DCA 1997).
On remand, the trial court must attach those portions of the record indicating that the cash was seized and held as evidence by law enforcement or that it was seized pursuant to an investigation and was in the custody of the court clerk. Otherwise, the money must be returned to Burden. See Cloud, 801 So.2d at 964; Stevenson, 688 So.2d at 963.
Reversed and remanded.
FULMER and DAVIS, JJ., Concur.