926 So.2d 473 (2006)
Chester WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5426.
District Court of Appeal of Florida, Second District.
April 19, 2006.
NORTHCUTT, Judge.
Chester White appeals the circuit court's summary denial of his motion seeking the return of property allegedly seized from him when he was arrested on a drug possession charge. We reverse and remand for further proceedings.
White pleaded guilty to possession of cocaine with the intent to sell or deliver. *474 On March 16, 2005, he was adjudicated guilty and sentenced to imprisonment for a year and a day. On August 16, 2005, White filed a motion seeking the return of $873.00 in cash that he alleged was taken from him at the time of his arrest. The circuit court summarily denied Whites motion.
A trial court that has jurisdiction over criminal proceedings is vested with inherent authority over property seized or obtained in connection with the criminal proceeding and thus held in custodia legis. See Eight Hundred, Inc. v. State, 781 So.2d 1187, 1191-92 (Fla. 5th DCA 2001), and cases discussed therein. This authority continues beyond the termination of the criminal prosecution, thus enabling the court to direct the return of such property to its rightful owner. Id. However, section 705.105(1), Florida Statutes (2004), provides that title to unclaimed evidence or personal property lawfully seized pursuant to a lawful investigation that is in the custody of the court or clerk as part of a criminal proceeding, or seized as evidence by and in the custody of a law enforcement agency, shall vest permanently in the law enforcement agency sixty days after the conclusion of the proceeding.
In this case, the circuit court summarily denied White's motion as untimely under the foregoing statute, and attached copies of his judgment and sentence. However, when summarily denying a motion for return of property as untimely under this provision, the court is obliged to attach portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence. Burden v. State, 890 So.2d 566, 567 (Fla. 2d DCA 2005); see also Cloud v. State, 801 So.2d 964 (Fla. 2d DCA 2001); McKinnon v. State, 752 So.2d 134, 135 (Fla. 2d DCA 2000).
If, on remand, the circuit court again summarily denies White's motion, it must attach portions of the record demonstrating that the currency was seized and held as evidence by the law enforcement agency involved or that it was seized pursuant to an investigation and was in the custody of the court clerk. Otherwise, the court must entertain the motion on its merits. See Cloud, 801 So.2d at 964.
Reversed and remanded for further proceedings.
SALCINES and SILBERMAN, JJ., Concur.