985 So.2d 1191 (2008)
Ernesto POUX, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1048.
District Court of Appeal of Florida, Fourth District.
July 9, 2008.
*1192 Carey Haughwout, Public Defender, West Palm Beach, and Joseph R. Chloupek, Assistant Public Defender, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm an order denying Poux's motion for return of property, notwithstanding the court's failure to attach portions of the record indicating that the police seized the property pursuant to a lawful investigation or held the property as evidence.
We have considered White v. State, 926 So.2d 473 (Fla. 2d DCA 2006), Burden v. State, 890 So.2d 566 (Fla. 2d DCA 2005), and Stevenson v. State, 688 So.2d 962 (Fla. 5th DCA 1997), but deem them inapposite. In those cases, the issues involved application of section 705.105, Florida Statutes, providing for transfer of seized property to law enforcement agencies.
Here, however, ten years passed between the transfer of the funds following conviction and Poux's motion. We can discern no reason not to apply section 95.11(3), Florida Statutes, mandating a four year civil statute of limitations for actions to recover personal property.
Therefore, the order is affirmed.
STONE, FARMER and KLEIN, JJ., concur.