WELLS, Judge.
 

 Christopher Harris appeals from an order denying his motion for return of property taken from him at the time of his arrest on December 12, 1992. While we dismiss the instant appeal as untimely filed, we note that the motion was properly denied on the merits.
 
 See
 
 Fla. R.App. P. 9.420(a)(2) (“A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mail
 
 *675
 
 ing on or before the last day for filing.”);
 
 Davis v. State,
 
 867 So.2d 539, 539 (Fla. 1st DCA 2004) (dismissing appeal where appellant “failed to demonstrate that the notice of appeal was placed into the hands of prison officials for mailing within 30 days of the date of the final order sought to be reviewed.”);
 
 Harris v. State,
 
 667 So.2d 1006 (Fla. 3d DCA 1996) (concluding the matter in which the items claimed concededly were seized);
 
 see also
 
 § 705.105, Fla. Stat. (2009) (providing that title to unclaimed evidence or personal property lawfully seized and in the custody of the clerk or law enforcement agency vests permanently in the law enforcement agency 60 days after conclusion of the proceeding);
 
 Poux v. State,
 
 985 So.2d 1191, 1192 (Fla. 4th DCA 2008) (stating that the court could “discern no reason not to apply [to a motion for return of property] section 95.11(3), Florida Statutes, mandating a four year civil statute of limitations for actions to recover personal property”).
 

 Dismissed.