PER CURIAM.
 

 Lawrence Davis timely appeals the circuit court’s summary denial of his motion seeking return of property allegedly seized from him when he was arrested for sale and delivery of cocaine within 1,000 feet of a school. Davis contends that his motion was in proper form and a summary denial without any record attachment was improper. We agree and reverse and remand for further proceedings.
 

 Davis pled no contest to the sale of cocaine and was sentenced to ten years in prison. His judgment and sentence were entered on January 10, 2008. On May 27, 2010, Davis filed his motion for the return of $990 that was taken from him at the time of his arrest. Davis’ motion alleges that the cash was his, it was not being held as the fruit of any criminal activity, and it was not being held as evidence. The lower court summarily denied Davis’ motion without attaching any portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence. This was error.
 
 See White v. State,
 
 926 So.2d 473 (Fla. 2d DCA 2006);
 
 Burden v. State,
 
 890 So.2d 566, 567 (Fla. 2d DCA 2005);
 
 see also Cloud v. State,
 
 801 So.2d 964 (Fla. 2d DCA 2001);
 
 McKinnon v. State,
 
 752 So.2d 134, 135 (Fla. 2d DCA 2000). The lower court’s failure to attach portions of the record supporting its findings requires reversal and remand.
 
 See Monserrate v. State,
 
 25 So.3d 1292 (Fla. 2d DCA 2010).
 

 If the lower court again summarily denies Davis’ motion, it must attach portions of the record demonstrating the currency was seized and held as evidence by the law enforcement agency involved or that it was seized pursuant to an investigation and was in the custody of the court clerk. Otherwise, the court must hold an eviden-tiary hearing and entertain the motion on its merits.
 
 See Cloud,
 
 801 So.2d at 964.
 

 REVERSED and REMANDED for further proceedings pursuant to this opinion.
 

 MONACO, C.J., LAWSON and JACOBUS, JJ., concur.