IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BRYAN K. CASTLEMAN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5015

_____/

Opinion filed June 2, 2015.

An appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

Bryan K. Castleman, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Lauren Brudnicki, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

The appellant appeals an order summarily dismissing his motion to recover
seized property. The trial court treated the motion as filed under section 705.105(1),
Florida Statutes (2014), and dismissed it as untimely since it was filed outside the
60-day time frame articulated in the statute. Although the motion was clearly
untimely, the order on appeal requires reversal because the trial court failed to attach

portions of the record to conclusively refute the appellant's claims.  See e.g., Burden v. State, 890 So. 2d 566 (Fla. 2d DCA 2005) (holding that when summarily denying a motion for return of property under the 60-day time bar, the trial court must attach the portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence); Davis v. State, 63 So. 3d 888 (Fla. 5th DCA 2011).

On remand, the trial court must attach portions of the record demonstrating that the property was seized and held as evidence by law enforcement or that it was seized pursuant to an investigation and was in custody of the court clerk.  Otherwise, the property must be returned to the appellant.

REVERSED and REMANDED.

ROBERTS, WETHERELL, and OSTERHAUS, JJ., CONCUR.