PER CURIAM.
The appellant appeals an order summarily dismissing his motion to recover seized property. The trial court treated the motion as filed under section 705.105(1), Florida Statutes (2014), and dismissed it as untimely since it was filed outside the 60-day time frame articulated in the statute. Although the motion was clearly untimely, the order on appeal requires reversal because the trial court failed to attach portions of the record to conclusively refute the appellant’s claims. See e.g., Burden v. State, 890 So.2d 566 (Fla. 2d DCA 2005) (holding that when summarily denying a motion for return of property under the 60-day time bar, the trial court must attach the portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence); Davis v. State, 63 So.3d 888 (Fla. 5th DCA 2011).
On remand, the trial court must attach portions of the record demonstrating that *62 the property was seized and held as evidence by law enforcement or that it was seized pursuant to an investigation and was in custody of the court clerk. Otherwise, the property must be returned to the appellant.
REVERSED and REMANDED.
ROBERTS, WETHERELL, and OSTERHAUS, JJ., concur.