DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WINSTON R. WILKINS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-387

[January 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 502011CF010613A.

Winston R. Wilkins, Century, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant Winston R. Wilkins appeals an order denying as untimely his motion for the return of property after a final judgment of guilt in his criminal case. The trial court summarily denied the motion as untimely but failed to attach portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence. We therefore reverse and remand.

For a motion for return of property to be timely, it must be filed within sixty days of the conclusion of the proceeding pursuant to which the property was lawfully seized. § 705.105(1), Fla. Stat. (2014). "However, when summarily denying a motion for return of property as untimely under this provision, the court is obliged to attach portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence." *White v. State*, 926 So. 2d 473, 474 (Fla. 2d DCA 2006) (emphasis omitted) (reversing where the court merely attached copies of the defendant's judgment and sentence to its order). Such attachments are required unless the motion was filed outside the four-year statute of limitations for actions to recover personal property in section 95.11(3),

Florida Statutes (2014). *Poux v. State*, 985 So. 2d 1191, 1192 (Fla. 4th DCA 2008).

Here, the trial court summarily denied Appellant's motion as untimely under section 705.105, Florida Statutes (2014). However, the trial court failed to attach any portion of the record demonstrating that "the property was seized pursuant to a lawful investigation or held as evidence." *White*, 926 So. 2d at 474 (emphasis omitted). As Appellant filed his motion well within four years of his conviction, the trial court erred by failing to attach such portions of the record.

For the foregoing reasons, we reverse the order denying Appellant's motion as untimely and remand for proceedings consistent herewith.

STEVENSON and FORST, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***