NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LONZINE ADAMS,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )            Case No. 2D15-3524
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed June 29, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Sarasota County; Thomas L. Krug, Judge.

PER CURIAM.

        Lonzine Adams appeals the order denying as untimely his motion to
release property. In his motion, Adams stated that law enforcement confiscated
approximately $493 and a cellphone when he was booked into jail after being arrested
on charges that were later dismissed.

        The postconviction court treated Adams' motion as filed under section
705.105(1), Florida Statutes (2015), and denied it as untimely because more than sixty
days had elapsed since the conclusion of his criminal proceedings. In support of the
order, the court attached the State's notice of nolle prosequi.

Section 705.105(1) provides:

Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding.

"When summarily denying a motion for return of property pursuant to the sixty-day time bar, the trial court must attach those portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence." Burden v. State, 890 So. 2d 566, 567 (Fla. 2d DCA 2005) (citing Cloud v. State, 801 So. 2d 964, 964 (Fla. 2d DCA 2001), and McKinnon v. State, 752 So. 2d 134, 135 (Fla. 2d DCA 2000)); accord White v. State, 926 So. 2d 473, 474 (Fla. 2d DCA 2006).

Accordingly, we reverse and remand for the postconviction court to attach those portions of the record indicating that the cash and the cellphone were seized and held as evidence by law enforcement or that they were seized pursuant to an investigation and were in the custody of the court clerk. Otherwise, the court must entertain Adams' motion on the merits. See White, 926 So. 2d at 474; Cloud, 801 So. 2d at 964.

Reversed and remanded for further proceedings.


CASANUEVA, KELLY, and BLACK, JJ., Concur.