IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


REYNELDON J. DAVIS,

          Appellant,

 v.                                                                    Case No.  5D15-3320

STATE OF FLORIDA,

          Appellee.

_____/

Opinion filed August 19, 2016

Appeal from the Circuit Court
for Orange County,
Robert J. Egan, Judge.

Reyneldon J. Davis, Malone, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.


PALMER, J.

      Reyneldon Davis (the defendant) appeals the final order entered by the trial court

summarily denying as untimely his motion for the return of property.  Determining that his

motion was not untimely, we reverse.

      The defendant was charged, along with numerous other co-defendants, with a

variety of drug offenses. The matter proceeded to trial before a jury that found the

defendant guilty of conspiracy to traffic in cocaine. He was sentenced to a term of 22.5 years in prison.

In November of 2012, the defendant filed a motion for the return of property seized in connection with his criminal prosecution. See § 705.105(1), Fla. Stat. (2012). The motion asserted that the defendant's criminal case was concluded on July 30, 2012 (allegedly the date that all of his co-defendants' cases were completed). The trial court denied the motion as being untimely filed, ruling:

> According to court records, the criminal proceedings against Defendant's last codefendant, Isaiah Robinson, concluded on July 30, 2012. Assuming it was not until that date that the clock started ticking for Defendant to file his motion, he had until approximately September 30, 2012, to file a motion for return of property. However, he did not file his motion until November 27, 2012 (per the mailbox rule). . . . Thus, Defendant's motion is untimely and procedurally barred.

The defendant sought rehearing, advising the court that his direct appeal had been denied on January 10, 2014, and thus his motion was actually premature. The court denied rehearing. This appeal timely followed.

The defendant contends that the trial court reversibly erred in denying his motion as untimely. We agree.

> A trial court that has jurisdiction over criminal proceedings is vested with inherent authority over property seized or obtained in connection with the criminal proceeding and thus held in custodia legis. This authority continues beyond the termination of the criminal prosecution, thus enabling the court to direct the return of such property to its rightful owner.

White v. State, 926 So. 2d 473, 474 (Fla. 2d DCA 2006)(citations omitted). Section 705.105(1) provides that the title to property seized in connection with a criminal proceeding shall vest permanently in the law enforcement agency sixty days after the

2

conclusion of the criminal proceeding.[1] Thus, in order to seek the return of seized property, a defendant must file a motion within that sixty-day period. See Bailey v. State, 93 So. 3d 518, 519 (Fla. 1st DCA 2012). A criminal proceeding is concluded when, inter alia, the mandate issues from the appellate court on a direct appeal of a defendant's judgment and sentence. See Breland v. State, 58 So. 3d 326, 327 (Fla. 1st DCA 2011); Ward v. Dugger, 508 So. 2d 778, 779 (Fla. 1st DCA 1987).

Here, the trial court reversibly erred in summarily denying the defendant's motion for rehearing because the defendant's November 2012 motion for the return of property was prematurely filed since this court did not issue the mandate concluding the defendant's direct appeal until January 10, 2014. Accordingly, we reverse the order denying the defendant's motion for the return of property and remand for proceedings consistent with this opinion.

REVERSED and REMANDED.

EVANDER and LAMBERT, JJ., concur.

---

[1] The statute reads: "Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding." § 705.105(1), Fla. Stat. (2012).