PER CURIAM.
Clint Horvatt appeals the denial of his motion for the return of property seized during his criminal prosecution. Horvatt contends that the trial court erred in finding that he untimely filed his motion. We affirm.
Section 705.105(1), Florida Statutes (2011), governs the disposition of unclaimed evidence or tangible personal property and provides:
Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding.
(emphasis added). This Court defines the "conclusion of the proceeding" as when "the mandate issues from the appellate court on a direct appeal of a defendant's judgment and sentence." Davis v. State, 198 So.3d 1070, 1072 (Fla. 5th DCA 2016). Thus, a trial court may deny a motion for return of seized property as untimely pursuant to section 705.105(1) where the defendant failed to file the motion within sixty days of the entry of the defendant's judgment and sentence or the issuance of the mandate in the direct appeal. See § 705.105(1) ; Davis, 198 So.3d at 1072.
Here, Horvatt failed to file his motion within the time limitation of section 705.105(1). This Court affirmed Horvatt's judgment and sentence on August 9, 2011, and issued the mandate in his direct appeal on August 31, 2011. Horvatt v. State, 84 So.3d 331 (Fla. 5th DCA 2011). Horvatt filed his motion for return of seized property on February 23, 2018. Thus, we agree with the trial court that Horvatt's motion, filed almost seven years after this Court's mandate, was untimely.
AFFIRMED.
EVANDER, C.J., COHEN and EDWARDS, JJ., concur.