PER CURIAM.
Frank L. Adams, Jr. appeals the denial of his motion for return of personal property seized during his criminal prosecution. We reverse.
The State charged Adams with one count of possession of sexual performance by a child, one count of tampering with physical evidence, four counts of video voyeurism, and one count of interception of oral communications. During the course of its investigation, Putnam County law enforcement seized Adams's personal property pursuant to multiple search warrants. A jury acquitted Adams on the charge of possession of sexual performance by a child but found him guilty on the remaining charges. This Court affirmed Adams's conviction and issued a mandate on September 20, 2013. See Adams v. State, 120 So. 3d 570 (Fla. 5th DCA 2013) (per curiam).
On October 17, 2016, more than three years after this Court issued its mandate, Adams filed a motion for return of personal property based on section 95.11(3)(i), Florida Statutes (2010). In his motion, Adams identified seventeen items that law enforcement seized pursuant to the search warrants as well as one additional item. He alleged that the seized property was his personal property, was not the fruit of criminal activity, and that the State was not holding the items as evidence. The trial court summarily denied Adams's motion.
On appeal, Adams argues that the trial court reversibly erred by entering the order "without first ordering a response by the State, attaching portions of the record conclusively refuting [his] claim, or conducting an evidentiary hearing in the matter." The State responds that Adams's motion is governed by section 705.105(1), Florida Statutes (2010), and that the trial court properly denied it because it was untimely.
This Court reviews an order summarily denying a motion for return of seized property de novo. Peterson v. State, 249 So. 3d 1264, 1265 (Fla. 5th DCA 2018).
Section 95.11(3)(i), under which Adams moved, governs actions to recover specific personal property and imposes a four-year statute of limitations for such actions. Section 705.105, which the State relies upon, governs the disposition of "unclaimed evidence" and requires a defendant to move within sixty days of the conclusion of the proceeding, i.e., when "the mandate issues *197 from the appellate court on a direct appeal of a defendant's judgment and sentence." Davis v. State, 198 So. 3d 1070, 1072 (Fla. 5th DCA 2016) (citations omitted).
Section 705.105 applies where the seized property is "intended for use in a criminal or quasi-criminal proceeding ." § 705.101(6), Fla. Stat. (2010) (emphasis added). Section 95.11(3)(i) applies where law enforcement did not seize the property as evidence or pursuant to a lawful investigation, such as where a defendant's property is held for safekeeping upon arrest. See Stevenson v. State, 688 So. 2d 962, 963 (Fla. 5th DCA 1997) (emphasis added) (finding that 60-day limitations period in section 705.105(1) did not apply where there was no connection between cash allegedly taken and defendant's arrest for probation violation). If applicable, the trial court may summarily deny an untimely motion for return of personal property pursuant to either section 705.105(1) or 95.11(3)(i).
When summarily denying a motion pursuant to section 705.105(1), the trial court must determine the statute's applicability and "is obliged to attach portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence ." White v. State, 926 So. 2d 473, 474 (Fla. 2d DCA 2006) (emphasis in original) (citations omitted); see also Bonia v. State, 197 So. 3d 1280 (Fla. 5th DCA 2016) (reversing denial of defendant's motion for return of property because trial court failed to address the applicability of section 705.105 ); Davis v. State, 63 So. 3d 888, 889 (Fla. 5th DCA 2011) ("The lower court's failure to attach portions of the record supporting its findings [that the property was seized pursuant to a lawful investigation or held as evidence] requires reversal and remand." (citing Monserrate v. State, 25 So. 3d 1292 (Fla. 2d DCA 2010) )).
Where a defendant untimely moves under section 95.11(3)(i), the trial court may summarily deny the motion and is not required to attach records to its order. E.g., Poux v. State, 985 So. 2d 1191, 1192 (Fla. 4th DCA 2008) (affirming summary denial of motion for return of property filed ten years after transfer of funds following defendant's conviction, notwithstanding the court's failure to attach portions of the record refuting defendant's claim).
Here, because Adams filed a facially sufficient motion for return of seized property, the trial court had inherent authority and jurisdiction to effectuate its return. E.g., Scott v. State, 922 So. 2d 1024, 1026 (Fla. 5th DCA 2006) (holding that "the trial court was laden with the responsibility to determine whether a proper basis existed to return property" upon the filing of defendant's facially sufficient motion for return of seized property (citations omitted)). However, neither the trial court's order nor the record on appeal demonstrate the applicability of section 705.105(1) or 95.11(3)(i). See Helmy v. Swigert, 662 So. 2d 395, 397 (Fla. 5th DCA 1995) ("Upon receipt of a facially sufficient motion, the trial court is obligated to exercise its jurisdiction and resolve the questions of whether the property was in fact seized by the state, and whether there exists a valid basis to retain the property."). Thus, this Court cannot determine which statute and time limitation applied to Adams's motion. Accordingly, we reverse and remand for further proceedings on that matter.
On remand, the court must determine which statute applies. See White, 926 So. 2d at 474. If the court determines that Adams's property is subject to section 705.105(1) because it was "unclaimed evidence or unclaimed tangible personal property, *198 " then Adams cannot recover his seized property because he filed his motion well after sixty days of the mandate affirming his direct appeal. § 705.105(1), Fla. Stat. (2010) ; see also Davis, 198 So. 3d at 1072. However, because Adams filed his motion within the four-year statute of limitations period in section 95.11(3)(i), the court "is obliged to attach [to its denial order] portions of the record showing that the property was seized pursuant to a lawful investigation or held as evidence ."[1] White, 926 So. 2d at 474 (emphasis in original) (citations omitted).
If the court determines that Adams's property is not subject to section 705.105(1), then section 95.11(3)(i) applies. In that case, because Adams filed his motion before the expiration of the applicable four-year limitations period, his property should be returned so long as the State is "unable to connect the items to specific criminal activity, and no one else can be identified who can demonstrate a superior possessory interest in the property." Clinton v. State, 108 So. 3d 1134, 1136 (Fla. 5th DCA 2013).
REVERSED and REMANDED with instructions.
EVANDER, C.J., COHEN and EDWARDS, JJ., concur.

If Adams filed his motion outside of the four-year limitations period in section 95.11(3)(i), such attachments would not be required. See Poux, 985 So. 2d at 1192.