# Third District Court of Appeal

## State of Florida

Opinion filed September 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1211
Lower Tribunal No. F11-22273
_____

**Sydney Smith,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Sydney Smith, in proper person.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and LOBREE, and BOKOR, JJ.

PER CURIAM.

Affirmed. See § 705.105, Fla. Stat. (2017); Davis v. State, 198 So. 3d 1070, 1072 (Fla. 5th DCA 2016) ("Section 705.105(1) provides that the title to property seized in connection with a criminal proceeding shall vest permanently in the law enforcement agency sixty days after the conclusion of the criminal proceeding. Thus, in order to seek the return of seized property, a defendant must file a motion within that sixty-day period."); Shirah v. State, 312 So. 3d 1054, 1055-56 (Fla. 1st DCA 2021) ("The 60-day vesting does not apply, however, if the property was seized for non-investigative or non-evidentiary purposes. Rather, in such cases, a 4-year statute of limitations applies. § 95.11(3)(i), Fla. Stat. (establishing 4-year statute of limitations to actions for return of property held by the State) . . . .")