WARNER, J.
Appellant filed a motion for return of $48,865 in currency seized during the execution of a search warrant. The trial court denied the motion because it concluded that a federal court had adjudicated his rights to the money. We disagree, as the federal court did not determine appellant’s rights. We therefore reverse.
Appellant was tried in federal court on various charges arising out of items seized in the execution of a search warrant. He was acquitted of most charges. See U.S. v. Garcon, 349 Fed.Appx. 377 (11th Cir.2009). He filed, in the federal district court, his motion to return money and other property seized in the search. The district court denied the return of the money,[1] because the government did not have possession of it, having turned it over to the City of West Palm Beach. This ruling was affirmed on appeal. U.S. v. Garcon, 406 Fed.Appx. 366 (11th Cir.2010).
Appellant then filed a motion for return of the property against the City of West Palm Beach in state court. The circuit court determined that appellant’s rights to the property had been adjudicated in the federal proceedings and denied the motion for return. We disagree, as the opinion of the federal circuit court did not adjudicate the rights of appellant. Instead, the court ruled that the appellant could not obtain relief against the federal government when it lacked possession of the funds. The circuit court ruled that “[bjeeause the government demonstrated that it no longer had possession of the currency, the district court correctly found that the government did not have the ability to return it to Garcon.” Id.
While it is true that, as the court in which the criminal charges were brought, the federal court had priority jurisdiction over the money seized, see Eight Hundred, Inc. v. State, 781 So.2d 1187, 1191 (Fla. 5th DCA 2001), “[o]nce jurisdiction is acquired, property in the court’s custody ‘remainfe] there, by operation of law, until it is withdrawn by order of a competent court.’ ” U.S. v. $270,000.00 in U.S. Currency, Plus Interest, 1 F.3d 1146, 1148 (11th Cir.1993) (quoting Adams v. Burns, 126 Fla. 685, 695, 172 So. 75, 79 (1936)) (emphasis supplied). The circuit court’s ruling constituted such a withdrawal of jurisdiction. Appellant can no longer have his claim of ownership decided in the federal court.
As the federal court did not determine appellant’s rights to the funds, we reverse and remand for the trial court to determine appellant’s rights. Although the City requests that we affirm because appellant’s motion for return was not filed within 60 days of the final disposition, see *770 section 705.105, Florida Statutes, appellant references other motions he filed which may have timely asserted his claim to ownership, and this record is insufficient to apply the “tipsy coachman principle.”[2] Our reversal is without prejudice to the City raising the issue on remand.
GERBER and LEVINE, JJ., concur.

. The other property for which he sought return is not at issue in this appeal.

. This principle allows an appellate court to affirm a trial court that "reaches the right result, but for the wrong reasons" so long as "there is any basis which would support the judgment in the record." Robertson v. State, 829 So.2d 901, 906 (Fla.2002).