DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CESAR BENITEZ,**
Appellant,

v.

**UNIVERSAL PROPERTY AND CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D21-3281

[October 12, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE19-000600.

Ronald P. Weil of Weil Law Firm, P.A., Miami, for appellant.

Paulo R. Lima and Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, and Steven Chackman and Rafael W. Torres of Bernstein, Chackman, Liss, Hollywood, for appellee.

PER CURIAM.

Cesar Benitez ("Insured") appeals the trial court's entry of final summary judgment in favor of Universal Property and Casualty Insurance Company ("Insurer") in a first-party property insurance dispute over a water damage claim. We affirm.

In his application for a policy with Insurer, Insured reported no previous losses on his property. However, after Insured filed a claim for new damage, Insurer's inspector found signs of pre-existing damage and repairs. Insurer denied Insured's claim but continued to collect premiums from him for several years. Insured then sued for breach of contract, and Insurer asserted an affirmative defense based on section 627.409, Florida Statutes (2019). The statute provides:

> (1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and not a warranty. Except as provided in subsection (3), a misrepresentation, omission, concealment of

fact, or incorrect statement *may prevent recovery* under the contract or policy only if any of the following apply:

(a) The misrepresentation, omission, concealment, or statement *is fraudulent or is material* to the acceptance of the risk or to the hazard assumed by the insurer.

§ 627.409(1)(a), Fla. Stat. (2019) (emphasis added). Additionally, Insurer's policy allowed denial of coverage if the Insured "[i]ntentionally concealed or misrepresented any material fact or circumstance; (2) [e]ngaged in fraudulent conduct; or (3) [m]ade material false statements; relating to this insurance."

Insurer later moved for dismissal based on fraud on the court or, in the alternative, for summary judgment pursuant to section 627.409 based on material misrepresentations. At a hearing on that motion, Insured did not dispute his failure to disclose the prior claim in both his policy application and discovery responses to interrogatories and sworn statements in his deposition. Insured instead argued Insurer could not claim rescission as an affirmative defense because Insurer had continued to collect premiums from him for approximately two years after learning of the prior undisclosed claim. Insurer contended it sought only to deny coverage under section 627.409 and not to rescind the policy.

The trial court held that no genuine issue of material fact existed as to whether Insured's failure to disclose the prior claim on his policy application or in discovery amounted to material misrepresentations such that the claim could be denied under the policy provisions and section 627.409. While section 627.409 provides that an insurer may seek rescission of a policy, the plain language of the statute alternatively allows for an insurance provider to deny coverage of an individual claim. *See Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005) ("When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent."). Insurer's affirmative defense was based on the statute, and Insurer made clear at the summary judgment hearing that it was not seeking rescission of the policy pursuant to the statute but was instead seeking the alternative remedy of denial of the claim.

The trial court properly granted summary judgment on Insurer's denial of coverage of Insured's claim based on material misrepresentations. *See Garcon v. W. Palm Beach Police Dep't*, 112 So. 3d 768, 770 n.2 (Fla. 4th DCA 2013) (noting an appellate court may affirm a trial court's decision "so long as 'there is any basis which would support the judgment in the record'") (quoting *Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002)). As

a result, we need not determine whether a basis existed for denying the claim founded upon fraud on the court.

*Affirmed.*

KLINGENSMITH, C.J., GROSS and DAMOORGIAN, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

3